COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Senior Judge Overton[*]
Argued at Norfolk, Virginia


ROBERT ALEX ESPARZA
                                           OPINION BY
v.    Record No. 2602-97-1      JUDGE ROSEMARIE ANNUNZIATA
                                        APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    A. Bonwill Shockley, Judge

            Edward W. Webb, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Richard B. Smith, Assistant Attorney General
            (Mark L. Earley, Attorney General, on
            brief), for appellee.


    At a hearing to determine whether the suspended portion of

his sentence should be revoked, Robert Alex Esparza

("appellant") moved the court to reduce his "period of active

incarceration to time served."  The court refused to entertain

appellant's motion on its merits, stating that it had no

authority to grant the motion because appellant was sentenced in

accordance with an accepted plea agreement.  Appellant appeals

the court's refusal to hear his motion for sentence

_____

        [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

modification.  For the reasons set forth below, we affirm appellant's conviction.

## I.

## FACTUAL BACKGROUND

Appellant was indicted on two counts of felony forgery and two counts of felony uttering in violation of Code § 18.2-179. The appellant and the prosecution entered into a written plea agreement, which provided that, upon pleading guilty to all four charges, appellant would serve two years in prison for each forgery charge and one year for each uttering charge.  The parties also agreed that five years of the six-year sentence were to be suspended on the condition that appellant be of good behavior for six years and pay court costs and restitution.  On August 12, 1996, the trial court accepted the plea agreement and sentenced appellant accordingly, requiring him to report to the Virginia Beach Correctional Center on September 16, 1996 to begin serving his one year term of incarceration.

Appellant failed to report to the Correctional Center.  On November 25, 1996, the circuit court ordered appellant to show cause why the suspended five years of his sentence should not be revoked.  Following his arrest and the scheduling of a revocation hearing, appellant filed a "Motion for Sentence Modification," which asked the court to reduce his "period of active incarceration to time served."  As grounds for this request, appellant cited:  (1) his mother's health, which

required him to move to California to care for and financially support her, (2) his own "serious medical conditions," and (3) his gainful employment and good behavior following his convictions in 1996.

At appellant's revocation hearing on October 21, 1997, the judge heard argument on appellant's motion. Appellant's counsel argued:

> [T]he reason that [Mr. Esparza] did not show up for the jail time was because of the health of his mother. . . . [We are] asking the court to modify the original sentence to allow him to return to California [to help her]. In addition, he has developed extreme ill health problems related to his back.

The trial court denied the motion, stating:

> I believe everything you're telling me, but this defendant did sign a plea agreement. This was not [the trial judge's] sentence, and I don't think that I can change a written plea agreement that's been put into an order. I mean - and it's too late to - he entered a plea of guilty. The plea agreement has been accepted, and he's been sentenced according to the terms of the plea agreement. I don't think that I can amend a sentence that was made pursuant to a plea agreement.

After his motion was denied, appellant addressed the revocation issue, presenting evidence concerning his mother's illness, his own medical condition, and his employment activities since 1996. Notwithstanding appellant's evidence which he advanced to explain his failure to report to the Correctional Center when ordered by the court, the judge revoked

the five suspended years of appellant's sentence and re-suspended four of them, thus sentencing appellant to an additional one year term of incarceration.[1]

Appellant contends the circuit court erred in refusing to entertain his motion for sentence modification at his revocation hearing.  We agree.

Code § 19.2-303 states:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.  The court may place the person on probation for such time as the court shall determine.

The issue on appeal is a matter of first impression under Virginia law.  We hold that Code § 19.2-303 reflects the legislature's intent to provide for review and suspension of sentences imposed for all felony convictions provided the

---

[1]In pronouncing its ruling, the judge stated:

> Mr. Esparza, the court might have been a lot more sympathetic had you gone [to California] and set up some mechanism and gotten [your mother] organized and then come back voluntarily to serve your time; but we had to come and get you out there.  You are in violation.  You had a year to serve.

- 4 -

defendant has not been sent to the Department of Corrections.[2]
The provision becomes effective post-sentencing and, in the
absence of limiting language, we conclude the legislature did
not intend to limit the application of Code § 19.2-303 to cases
of convictions obtained upon a plea of not guilty or an open
plea entered without agreement.

The Commonwealth cites People v. Evans, 673 N.E.2d 244
(1996), in support of its argument that the court is without
authority to modify a sentence under Code § 19.2-303 when the
sentence is imposed pursuant to a plea agreement.[3]  The court in
Evans essentially premised its disposition on contract
principles as applied to plea agreements.  See id. at 247-48.
In addition, the terms of the Illinois rule construed in Evans
differ from, and were adopted to serve an entirely different
purpose than those contained in Code § 19.2-303.[4]

---

[2]We do not reach the question of whether Code § 19.2-303
provides authority for the court to modify a sentence by
increasing or decreasing the term of years imposed upon
conviction, as that issue is not before us.

[3]In Evans, the Supreme Court of Illinois, construing
Illinois' Rule 604(d), found that modifying a sentence entered
pursuant to a plea agreement would controvert its policy of
encouraging properly administered plea bargains and held that
the Rule did not apply to cases involving negotiated plea
agreements.  673 N.E.2d at 248-50.

[4]Rule 604(d) prohibits defendants from appealing the
judgment of a court that was entered upon a plea of guilty
unless the defendant first moves that court to reconsider its
sentence within a definite time period.  See Evans, 673 N.E.2d
at 248.  The purpose of this Rule is "to reduce the large number
of appeals being taken from guilty pleas."  Id.

Even if we applied the Evans contract analysis urged by the Commonwealth, we would hold that the trial court possessed power to act under Code § 19.2-303, notwithstanding the execution of a plea agreement.  A basic rule applied when construing contracts is that the law in force on the date a contract is formed determines the rights of its parties.  Paul v. Paul, 214 Va. 651, 653, 203 S.E.2d 123, 125 (1974) ("The law effective when the contract is made is as much a part of the contract as if incorporated therein."); Citizens Mut. Bldg. Assoc. v. Edwards, 167 Va. 399, 404, 189 S.E. 453, 455 (1937).  Code § 19.2-303 was in effect when the plea agreement was executed, and when the court accepted it and imposed sentence accordingly.  It follows that the code provision for modification of sentence post-conviction must be read as forming part of that agreement.

Furthermore, the purpose of the statute may be considered in determining whether a felony conviction entered pursuant to a plea agreement is embraced within its terms.  See Stanley v. Tomlin, 143 Va. 187, 195, 129 S.E. 379, 382 (1925) (stating that, when a court must determine whether something is embraced within the terms of a statute, the statute should be construed "'with reference to its subject matter, and the object sought to be obtained, as well as the legislative purpose in enacting it; and its language should receive that construction which will render it harmonious with that purpose rather than that which will defeat it.'" (quoting Mapp v. Holland, 138 Va. 519, 527,

- 6 -

122 S.E. 430, 433 (1924))). See also Tobacco Growers' Coop. Ass'n v. Danville Warehouse Co., 144 Va. 456, 465, 132 S.E. 482, 485 (1926) ("If possible, the language [of a statute] should always be so construed as to give effect to the statute['s purpose]."). The purposes of Code § 19.2-303 are rehabilitative in nature. See Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952) (stating that Code § 53-272, a predecessor of Code § 19.2-303, should be liberally construed so as to "afford to trial courts a valuable means of bringing about the rehabilitation of offenders against the criminal laws"). We find nothing in the statutory scheme as articulated by the legislature to suggest that the post-sentencing rehabilitative purposes and goals of Code § 19.2-303 are inapplicable to felons convicted pursuant to a plea agreement.

The Commonwealth also argues that under Rule 3A:8(c)(3) and (4), a trial court has no authority to modify a sentence entered pursuant to a plea agreement.[5] This argument essentially invokes the application of the same contract analysis, which we have determined is not conclusive in this case and which, as noted, fails to support the Commonwealth's position. The Commonwealth also invokes case law governing the post-sentence withdrawal of

---

[5]Rule 3A:8(c)(3) states "[i]f the court accepts [a] plea agreement, the court shall inform the defendant that it will embody in its judgment and sentence the disposition provided for in the agreement." Rule 3A:8(c)(4) provides that if the court rejects the proposed plea, "neither party shall be bound by the plea agreement."

guilty pleas, which is premised on principles likewise not applicable here. See Holler v. Commonwealth, 220 Va. 961, 265 S.E.2d 715 (1980); Lilly v. Commonwealth, 218 Va. 960, 243 S.E.2d 208 (1978).

Finally, the Commonwealth argues that modification of a sentence imposed pursuant to a plea agreement is incompatible with the public interest. We find this argument inapposite to the issue presented. Consideration of the public interest, while pertinent to the disposition of the motion to modify a sentence pursuant to Code § 19.2-303, is not determinative of the jurisdictional question raised here. The Commonwealth's argument that appellant failed to mitigate his offense as required by Code § 19.2-303 is likewise misplaced because it addresses the merits of the motion and not the jurisdictional arguments appellant presents.

In sum, we hold that Code § 19.2-303 invests courts with discretionary authority to modify a sentence post-conviction in all felony cases, including those in which the defendant has been sentenced pursuant to a plea agreement so long as the defendant is in the local jail and has not been delivered to the Department of Corrections. The trial court's determination to the contrary was, therefore, erroneous.

We find the court's error, however, to be harmless. A nonconstitutional error is harmless when "it plainly appears from the facts and circumstances of a particular case that [it]

- 8 -

did not affect the verdict . . . ." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the [trial court's] fact finding function, that, had the error not occurred, the verdict would have been the same." Id.

In this case, it plainly appears from the record that appellant's motion for sentence modification would have been denied had the court entertained it. The court faced two questions at appellant's revocation hearing, viz., whether to grant appellant's motion for sentence modification under Code § 19.2-303 and whether to revoke the suspended portion of appellant's sentence under Code § 19.2-306. Both statutes serve the same rehabilitative purpose. See Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982) (stating that probation statutes are highly remedial, and analyzing Code § 19.2-306 in that light).[6] Thus, we may presume the court considered this

---

[6]Whether the issue before a court involves the revocation of sentence under Code § 19.2-306 or suspension of sentence under § 19.2-303, the considerations underlying the court's decision are the same. In Virginia, statutes providing for the imposition or revocation of suspended sentencing are highly remedial and exist, inter alia, for the purpose of furthering the rehabilitation of the accused. See Slayton v. Commonwealth, 185 Va. 357, 365-66, 38 S.E.2d 479, 483 (1946) (stating that the purpose of a predecessor to §§ 19.2-303 and 19.2-306 is to "restor[e] to a useful place in society an offender who is a good social risk"); Richardson v. Commonwealth, 131 Va. 802, 811, 109 S.E. 460, 462 (1921) (examining Virginia's original statute on the subject of sentence suspension and revocation of suspension, and stating that the statute is "highly remedial").

rehabilitative purpose when it revoked appellant's suspended sentence and imposed a portion of the suspended sentence. See Samuels v. Commonwealth, 27 Va. App. 119, 129, 497 S.E.2d 873, 878 (1998) (stating that every act of a court of competent jurisdiction is presumed to have been rightly done). Further, although the court never ruled on appellant's motion, appellant relied on identical grounds and presented identical evidence to support his position as to both questions raised at the hearing, viz., his mother's medical condition and needs, his personal medical condition, and his gainful employment following conviction in 1996. As is manifest in the record, the court considered appellant's evidence and arguments when deciding to revoke the suspended sentences. Having done so, the court imposed a portion of the suspended sentences, requiring appellant to serve two years of incarceration rather than one year as originally sentenced pursuant to his plea agreement. Because the court imposed a sentence in conjunction with the revocation proceeding that was longer than that sought by appellant in his motion to reduce his sentence to "time served," and because the court, in doing so, based its ruling on the same grounds, the same evidence, and the same sentencing considerations that it would have considered had it entertained

---

See generally W. LaFave & J. Israel, Criminal Procedure §§ 25.3(a-b), 25.4(a) (1984) (stating that the state's interest in rehabilitating an offender and insuring the public safety is relevant to both the granting and revocation of probation).

appellant's motion for a reduced sentence, we hold that the trial court's refusal to entertain the motion was harmless.

Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>

Benton, J., concurring, in part, and dissenting, in part.

I concur in the majority opinion's holding "that Code § 19.2-303 invests the [trial judge] with discretionary authority to modify a sentence post-conviction in all felony cases, including those in which the defendant has been sentenced pursuant to a plea agreement." However, I dissent from its further holding that the trial judge's contrary ruling was harmless error.

The trial judge had before her two distinct matters -- the Commonwealth's motion to revoke Robert Esparza's suspended sentence and Esparza's motion to reduce his sentence of one year of active incarceration to the time he had already served. That the trial judge believed Esparza should receive punishment for violating the terms of his suspended sentence does not mean, a fortiori, that the trial judge would not have reduced Esparza's original sentence of active incarceration to time served if she believed she had the authority to so do. Certainly, the trial judge could have concluded that because she had no authority to modify the active sentence and because Esparza would be incarcerated for a year, the revocation of one year of the suspended sentence was not significantly burdensome.

The trial judge enjoys wide discretion in applying Code § 19.2-303. Therefore, I believe we cannot presume that the result the trial judge reached upon application of a faulty premise foretells what the trial judge would have done had she

known the full and proper extent of her authority.  In view of the significant error and the minimal inconvenience to the proper administration of justice, I would remand this matter to the trial judge for reconsideration.