COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


NICHOLAS E. WRIGHT, S/K/A
 NICHOLAS EVERETTE WRIGHT
                                                            OPINION BY
v.        Record No. 2183-05-3            JUDGE WILLIAM G. PETTY
                                                          NOVEMBER 7, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                              James V. Lane, Judge

          John C. Holloran (A. Gene Hart, Jr., on brief), for appellant.

          Leah A. Darron, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General; Richard B. Smith, Senior Assistant
          Attorney General, on brief), for appellee.


        Nicholas Everette Wright, appellant, was convicted of first-degree murder in violation of

Code § 18.2-32, pursuant to a guilty plea and a plea agreement.  On appeal, he contends the trial

court erred by imposing a three-year period of post-release supervision that appellant asserts was

not included in the terms of the plea agreement.  We disagree and affirm the sentence imposed

by the trial court.

                                    I.  BACKGROUND

        A grand jury indicted Wright for capital murder in violation of Code § 18.2-31.4.  On

June 17, 2005, the Commonwealth's Attorney and Wright entered into a plea agreement.  The

agreement provided:  (1) the Commonwealth would amend the capital murder charge to

first-degree murder; (2) Wright would plead guilty to first-degree murder; (3) Wright would be

sentenced to imprisonment for life; (4) Wright would acknowledge that he violated the terms of

his parole on three previous drug-related charges; and (5) Wright would be sentenced to serve

the previously suspended concurrent sentences of five years on each of the drug charges, to run consecutively to the life sentence.

The trial court entered the sentencing order on August 16, 2005. In addition to the terms of the plea agreement as set forth above, the court sentenced Wright to "an additional three (3) year sentence which the Court re-suspended for a period of post-release supervision should the Defendant ever be admitted to any form of probation or parole."

Wright objected to the sentence, arguing Rule 3A:8(c)(1)(C) prohibited the trial court from adding the three-year suspended sentence and period of post-release supervision. The trial court held that the post-release supervision was required by statute and is necessarily incorporated into any plea agreement. Wright did not move to withdraw his guilty plea.

II. ANALYSIS

We are called upon to determine whether the trial court correctly applied Code §§ 18.2-10(g) and 19.2-295.2 when it imposed a sentence in addition to that set forth in the plea agreement. "In determining whether the trial court made an error of law, we review the trial court's statutory interpretations and legal conclusions *de novo*." Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) (citing Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)).

Wright argues that Rule 3A:8(c)(1)(C) prohibited the trial court from imposing the additional three-year sentence. Rule 3A:8(c)(1)(C) provides that a defendant and the Commonwealth may enter into an agreement that establishes a specific sentence as "the appropriate disposition of the case." Rule 3A:8(c)(3) furthermore provides that, upon acceptance of the plea agreement, "the court shall inform the defendant that it will embody in its judgment and sentence the disposition provided for in the agreement." Wright, relying on contract law,

contends the trial court erred when it accepted the plea agreement but then changed its terms by imposing a sentence greater than that agreed upon by the parties.[1] We disagree.

Wright's contract argument fails to recognize the "basic rule" of contract law that "the law in force on the date a contract is formed determines the rights of its parties." Esparza v. Commonwealth, 29 Va. App. 600, 607, 513 S.E.2d 885, 888 (1999) (citing Paul v. Paul, 214 Va. 651, 653, 203 S.E.2d 123, 125 (1974)). In Esparza, we determined that such basic rules of contract law apply to plea agreements. Id. The statutory provisions which Wright challenges, Code §§ 18.2-10(g) and 19.2-295.2, apply to felonies committed on or after July 1, 2000, and were the law in effect at the time the plea agreement was formed. Thus, we hold the plea agreement necessarily included the suspended sentence and post-release supervision as a matter of law.

This conclusion is well supported by both the rules of statutory construction and our prior decisions. In pertinent part, Code § 18.2-10(g) requires trial courts to "impose an additional term of not less than six months nor more than three years, which shall be suspended conditioned upon successful completion of a period of post-release supervision pursuant to § 19.2-295.2 and compliance with such other terms as the sentencing court may require" in felony cases involving "an active term of incarceration in a correctional facility." Code § 19.2-295.2 requires trial courts to "impose a term of post-release supervision of not less than six months nor more than three years, as the court may determine" when sentencing convicted felons to a term of imprisonment in a state or local correctional facility. The General Assembly's intent in enacting

---

[1] We also note that if Wright is released prior to the completion of his life sentence, it will be pursuant to the geriatric release provisions of Code § 53.1-40.01, and will therefore involve post-release supervision in any event. As a practical matter, the additional three-year post-release supervision imposed by the trial court pursuant to Code §§ 18.2-10 and 19.2-295.2 would not result in any addition to Wright's life sentence. However, as neither party presented this argument, we do not consider it in deciding this case.

these mandatory sentencing statutes was to prevent the release of felons "from incarceration into the community without having a minimum of six months' supervision" after the abolition of parole in Virginia. Lamb v. Commonwealth, 40 Va. App. 52, 58, 577 S.E.2d 530, 532 (2003); see also Allard v. Commonwealth, 24 Va. App. 57, 67, 480 S.E.2d 139, 144 (1997) ("'[A] fundamental rule of statutory construction requires that courts view the entire body of legislation and the statutory scheme to determine the true intention of each part.'" (quoting Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989))).

Moreover, Virginia courts have specifically held that the mandatory post-release terms and supervision requirements of Code §§ 18.2-10 and 19.2-295.2 are to be read in conjunction with other sentencing statutes to give effect to the General Assembly's intent. Our Supreme Court rejected an appellant's argument that applying Code § 19.2-295.2 to a statutory maximum sentence increased the sentence beyond that allowed by law, holding that the post-release supervision provision must be read with the statute setting the sentence for the underlying offense, thus increasing the maximum allowable sentence. Williams v. Commonwealth, 270 Va. 580, 584, 621 S.E.2d 98, 100 (2005). Similarly, in Boyd v. Commonwealth, 28 Va. App. 537, 507 S.E.2d 107 (1998), we rejected an appellant's argument that the trial court's imposition of a suspended sentence and post-release supervision in addition to the sentence recommended by a jury violated his right to be sentenced by a jury. See Code § 19.2-295.1.[2] There, we held that "the legislature intended the procedures outlined in Code § 19.2-295.1 for the jury's ascertainment of punishment to be subject to . . . the provisions of § 19.2-295.2, which permit the trial court to impose a suspended term of incarceration and post-release supervision when the

---

[2] Code § 19.2-295.1 provides that, "[i]n cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury."

jury's sentence includes an active term of incarceration . . . ."[3] <u>Boyd</u>, 28 Va. App. at 543, 507 S.E.2d at 110.

Since both our prior decisions and the decisions of our Supreme Court establish that the mandatory language of Code §§ 18.2-10 and 19.2-295.2 increase maximum allowable sentences and apply to sentences recommended by a jury, we hold these provisions also apply to sentences imposed pursuant to a plea agreement. To do otherwise would ignore "[t]he plain, obvious, and rational meaning of [the] statute[s]" and require trial judges to disregard the mandatory provisions of the statutes when imposing sentence pursuant to a plea and create an anomaly in our sentencing procedures. <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). Finally, to hold that these provisions do not apply to felons who are sentenced in accordance with plea agreements would defeat the purpose of the statutes.

Wright also contends the trial court erred when it did not offer him the opportunity to withdraw his plea agreement after it imposed a sentence greater than he expected and had agreed upon. Wright did not move to withdraw his plea agreement and that issue was never before the trial court. Thus, we will not address the merits of this argument, as it was not properly preserved for appeal. Rule 5A:18.

### III. CONCLUSION

The trial court correctly applied Code §§ 18.2-10 and 19.2-295.2. We therefore affirm its judgment and the sentence it imposed.

<u>Affirmed.</u>

---

[3] The provisions of Code § 18.2-10(g) and Code § 19.2-295.2 were discretionary in relation to felonies committed on or after January 1, 1995, and became mandatory in relation to felonies committed on or after July 1, 2000.