COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


RONNIE SHERROD MONK

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1022-06-1              JUDGE ROBERT J. HUMPHREYS
                                                       OCTOBER 9, 2007

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                              Randall D. Smith, Judge

                Kathleen A. Ortiz, Public Defender (Office of the Public Defender,
                on brief), for appellant.

                Leah A. Darron, Senior Assistant Attorney General (Robert F.
                McDonnell, Attorney General, on brief), for appellee.


        Ronnie Sherrod Monk ("Monk") appeals the denial of his motion to reconsider the

sentence imposed for his robbery conviction of April 14, 2006. On appeal, Monk contends that

the trial court erred in denying his motion to reconsider based solely on jurisdictional grounds.

Specifically, Monk contends that his filing of a notice of appeal did not divest the trial court of

jurisdiction to modify his sentence. However, Monk's argument presupposes that the trial court

would have otherwise had jurisdiction to modify his sentence. Because Monk failed to prove

jurisdiction, regardless of the filing of the notice of appeal, we hold that the trial court did not err

in denying his motion. Accordingly, we affirm the trial court.


---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ANALYSIS

According to Rule 1:1 of the Rules of the Supreme Court of Virginia, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Expiration of the twenty-one-day time limitation divests the trial court of jurisdiction, and orders entered in violation of Rule 1:1 are void. See Smith v. Commonwealth, 32 Va. App. 766, 775, 531 S.E.2d 11, 16 (2000). However, Rule 1:1 is subject to certain limited exceptions, including Code § 19.2-303. Ziats v. Commonwealth, 42 Va. App. 133, 138, 590 S.E.2d 117, 120 (2003).

Code § 19.2-303 states, in pertinent part, that

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

Code § 19.2-303 "invests courts with discretionary authority to modify a sentence post-conviction in all felony cases, including those in which the defendant has been sentenced pursuant to a plea agreement[,] so long as the defendant is in the local jail and has not been delivered to the Department of Corrections." Esparza v. Commonwealth, 29 Va. App. 600, 608, 513 S.E.2d 885, 889 (1999). In other words, "[o]nce the defendant has been transferred to the [Department of Corrections] and twenty-one days have passed since the court's last order, the court can no longer modify a sentence." Ziats, 42 Va. App. at 139, 590 S.E.2d at 120.

In order for the trial court to modify a sentence, it is the defendant's burden to prove jurisdiction, specifically that either twenty-one days have not yet elapsed, or that the defendant has not yet been transferred to the Department of Corrections. See id. (holding that when faced

with a silent record as to the defendant's custody status, the trial court did not have jurisdiction to modify a sentencing order); see also D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992) (declining to find that the trial court had jurisdiction to modify a sentencing order under Code § 19.2-303 where the record was silent on the defendant's custodial location).

In this case, Monk's motion to reconsider his sentence was filed well in excess of twenty-one days from the entry of the final order. Thus, it became Monk's burden to prove that the trial court had jurisdiction to modify his sentence, pursuant to Code § 19.2-303. Said differently, Monk had to present the trial court with evidence that he had not yet been transferred to the Department of Corrections. Monk's motion requested the court to reconsider his sentence because 1) he does not have a criminal history, and he believes the sentence to be excessive; 2) he has aspirations of entering the military; 3) he helps take care of his girlfriend and her four children who need his income for support; and 4) there were circumstances not properly conveyed to the sentencing judge, who had not presided over Monk's trial. However, the motion and the record are silent regarding whether Monk had, at the time of the filing of the motion, been transferred to the Department of Corrections. Thus, Monk failed to provide the court with any evidence from which it could determine that it had jurisdiction to modify his sentence, pursuant to Code § 19.2-303.

Monk's argument that the trial court retains jurisdiction to modify a sentence even after the filing of a notice of appeal presupposes that the trial court would have had jurisdiction absent the notice of appeal. Here, the evidence establishes that the trial court did not have jurisdiction regardless of whether Monk filed a notice of appeal. As a result, we need not address whether the filing of the notice of appeal alone divested the trial court of jurisdiction to modify the

sentence.  Accordingly, we hold that the trial court did not err in denying Monk's motion to reconsider his sentence.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

<u>Affirmed.</u>