Present:  All the Justices

NICHOLAS EVERETTE WRIGHT

v.  Record No. 062527  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    January 11, 2008
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The issue in this appeal concerns whether a circuit court, after accepting a plea agreement of the type specified in Rule 3A:8(c)(1)(C), can nevertheless impose a term of suspended incarceration and a term of post-release supervision pursuant to Code §§ 18.2-10(g) and 19.2-295.2(A) when such terms are not mentioned in the plea agreement.  Because general principles of contract law apply to plea agreements and the law in effect when a contract is made becomes a part of the contract as though incorporated therein, we will affirm the judgment of the Court of Appeals of Virginia holding that such additional terms can be imposed.

A grand jury indicted Nicholas Everette Wright for the willful, deliberate, and premeditated killing of Bruce Nelson, Jr., during the commission of robbery in violation of Code § 18.2-31(4).[1]  Before trial, Wright entered into an

---

[1] A violation of Code § 18.2-31(4) constitutes capital murder and is punishable by death, imprisonment for life,

"Agreed Disposition" with the Commonwealth pursuant to Rule 3A:8(c)(1)(C).[2] In relevant part, the plea agreement provided: (1) the Commonwealth would amend the indictment to charge first degree murder instead of capital murder; (2) Wright would plead guilty to the charge of first degree murder and be sentenced to imprisonment for life; and (3) Wright would acknowledge violation of the terms of his probation in three unrelated felony convictions for which he received three five-year concurrent, suspended sentences and be sentenced to five years imprisonment to run consecutive to any other sentence imposed on him.

Upon determining that Wright voluntarily and intelligently entered a plea of guilty to the charge of first degree murder and after hearing a proffer of the evidence, the Circuit Court of Rockingham County accepted the guilty plea as well as the plea agreement. The court concluded that the plea agreement was "an appropriate disposition in this matter." The circuit court found Wright guilty of first degree murder in violation of Code § 18.2-32 and, in accordance with the terms of the plea

---

or imprisonment for life and a fine of not more than $100,000. Code § 18.2-10(a).

[2] Under Rule 3A:8(c)(1)(C), a defendant and the Commonwealth may enter into a plea agreement in which the Commonwealth "[a]gree[s] that a specific sentence is the appropriate disposition of the case."

agreement, sentenced Wright to life imprisonment.[3] Pursuant to the requirements of Code §§ 18.2-10(g) and 19.2-295.2(A), the circuit court also imposed an additional sentence of three years imprisonment but suspended that sentence, imposing three years of post-release supervision.

Wright subsequently moved the circuit court for clarification of its sentencing order. In that motion, Wright asserted that the additional three-year term of suspended incarceration and post-release supervision constituted an addition to or revision of the plea agreement that was improper and not within the circuit court's authority under Rule 3A:8(c)(1)(C). Wright asked the circuit court to enter a sentencing order consistent with the terms of the plea agreement. After hearing argument on Wright's motion, the circuit court determined that, in this case, the additional period of suspended incarceration and post-release supervision was statutorily mandated and thereby included in the plea agreement even though it was otherwise silent on the subject. Thus, the court concluded that it had not altered the terms of the parties' plea agreement and denied Wright's motion.

---

[3] The circuit court also revoked the five-year concurrent, suspended sentences in the other three prior felony convictions and directed that the five-year sentence run consecutive to Wright's life sentence.

The Court of Appeals of Virginia affirmed the judgment of the circuit court. Wright v. Commonwealth, 49 Va. App. 58, 636 S.E.2d 489 (2006). The Court of Appeals held that the basic rules of contract law apply to plea agreements and that " 'the law in force on the date a contract is formed determines the rights of its parties.' " Id. at 62, 636 S.E.2d at 491 (quoting Esparza v. Commonwealth, 29 Va. App. 600, 606, 513 S.E.2d 885, 888 (1999)). Because Code §§ 18.2-10(g) and 19.2-295.2(A) were both "in effect at the time the plea agreement was formed," the Court of Appeals concluded "the plea agreement necessarily included the suspended sentence and post-release supervision as a matter of law." Wright, 49 Va. App. at 62, 636 S.E.2d at 491. To hold otherwise, according to the Court of Appeals, would "require trial judges to disregard the mandatory provisions of the statutes when imposing sentence pursuant to a plea and create an anomaly in our sentencing procedures." Wright, 49 Va. App. at 64, 636 S.E.2d at 492.

The sole issue now before this Court is whether a circuit court, after accepting a plea agreement of the type specified in Rule 3A:8(c)(1)(C), can then impose an additional period of suspended incarceration and post-release supervision pursuant to Code §§ 18.2-10(g) and 19.2-295.2(A) when such terms were not included in the plea

4

agreement.[4]  This question presents a matter of statutory

interpretation and is subject to de novo review by this

Court.  See Washington v. Commonwealth, 272 Va. 449, 455,

634 S.E.2d 310, 313 (2006).

Wright contends that the circuit court erred by

imposing the additional term of suspended incarceration and

post-release supervision.  According to Wright, the circuit

court in effect rejected the plea agreement but failed to

afford Wright the opportunity to exercise his rights

provided in Rule 3A:8(c)(4), specifically, to withdraw his

guilty plea and choose to have his case heard by another

trial judge, or to maintain his guilty plea and face the

possibility of a less favorable disposition than the one

provided in the plea agreement.  Thus, Wright contends that

he is entitled to be sentenced in accordance with the terms

of his plea agreement with the Commonwealth or to have the

opportunity to exercise his rights under Rule 3A:8(c)(4).

We do not agree.

---

[4] We emphasize that the plea agreement at issue was
silent with regard to the requirements set forth in Code
§§ 18.2-10(g) and 19.2-295.2(A).  We do not decide today
whether a circuit court would have to reject a plea
agreement containing an agreed disposition that directly
conflicted with particular mandated statutory requirements
such as the ones before us, those relating to the taking of
a defendant's blood, saliva or tissue for DNA analysis, see
Code § 19.2-310.2, or those imposing certain minimum

For felony offenses committed after July 1, 2000, for which the punishment includes an active term of incarceration in a correctional facility, except in cases when a circuit court orders a suspended term of confinement of at least six months, the provisions of Code § 18.2-10(g) require a circuit court to "impose an additional term of not less than six months nor more than three years, which shall be suspended conditioned upon successful completion of a period of post-release supervision pursuant to [Code] § 19.2-295.2." Similarly, for that same class of offenses, the provisions of Code § 19.2-295.2(A) direct a circuit court to "impose a term of post[-]release supervision of not less than six months nor more than three years." The provisions of these two statutes are mandatory. Alston v. Commonwealth, 274 Va. 759, 769-70, 652 S.E.2d 456, 462 (2007). They comprise part of the maximum term of incarceration permitted by statute and are added to the term that can otherwise be imposed upon a convicted felon. See id. at 770, 652 S.E.2d at 462 (citing Williams v. Commonwealth, 270 Va. 580, 584, 621 S.E.2d 98, 100 (2005)). Nothing in the statutes suggests that their terms are not applicable when, as in this case, a defendant enters into a

---

sentences, see, e.g., Code §§ 18.2-12.1, -53.1, -57, and -255(A).

6

plea agreement that fails to address the mandatory requirements.

To the contrary, the provisions of both Code sections constituted a part of Wright's plea agreement as though they were incorporated therein. In Paul v. Paul, 214 Va. 651, 203 S.E.2d 123 (1974), we stated that "[t]he law effective when the contract is made is as much a part of the contract as if incorporated therein." Id. at 653, 203 S.E.2d at 125; accord Buchanan v. Doe, 246 Va. 67, 72, 431 S.E.2d 289, 292 (1993); Marriott v. Harris, 235 Va. 199, 215, 368 S.E.2d 225, 233 (1988); Harbour Gate Owners' Ass'n, Inc. v. Berg, 232 Va. 98, 105, 348 S.E.2d 252, 257 (1986); Maxey v. American Cas. Co., 180 Va. 285, 290, 23 S.E.2d 221, 223 (1942); Esparza, 29 Va. App. at 606, 513 S.E.2d at 888. As the Court of Appeals held, this principle of contract law applies to plea agreements. Wright, 49 Va. App. at 62, 636 S.E.2d at 491 (citing Esparza, 29 Va. App. at 606, 513 S.E.2d at 888); see also United States v. Baldacchino, 762 F.2d 170, 179 (1st Cir. 1985) ("[P]lea bargains are subject to contract law principles insofar as their application will insure the

defendant what is reasonably due him.") (citations omitted).[5]

Thus, the Court of Appeals did not err by holding that "the plea agreement necessarily included the suspended sentence and post-release supervision as a matter of law." Wright, 49 Va. App. at 62, 636 S.E.2d at 491. The circuit court's imposition of the three-year term of suspended incarceration and post-release supervision did not alter or modify the terms of the parties' plea agreement. Contrary to Wright's argument, the circuit court did not implicitly reject the plea agreement but, instead, sentenced Wright in accordance with the terms of the plea agreement. Wright therefore was not entitled to an opportunity to exercise the rights afforded under Rule 3A:8(c)(4) when a circuit

---

[5] Numerous courts in other jurisdictions have applied contract principles to plea agreements. See e.g., United States v. Cimino, 381 F.3d 124, 127 (2d Cir. 2004); United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994); United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir. 1979); State v. Crockett, 877 P.2d 1077, 1079 (Nev. 1994); State v. Bethel, 854 N.E.2d 150, 166 (Ohio 2006); In re Palodichuk, 589 P.2d 269, 271 (Wash. Ct. App. 1978). But see United States v. Peveler, 359 F.3d 369, 375 (6th Cir. 2004) (stating that although general principles of contract law apply to plea agreements, "'[a] guilty plea, however, involves the waiver of at least three constitutional rights by a defendant . . . [and,] therefore, the analogy of a plea agreement to a traditional contract is not complete or precise, and the application of ordinary contract law principles to a plea agreement is not always appropriate.' ") (citing United States v. Skidmore, 998

court rejects a plea agreement of the type specified in Rule 3A:8(c)(1)(C).

For these reasons, we will affirm the judgment of the Court of Appeals.

<u>Affirmed</u>.

---

F.2d 372, 375 (6th Cir. 1993) (citing <u>United States v. Olesen</u>, 920 F.2d 538, 541 (8th Cir. 1990))).