COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Beales
Argued at Chesapeake, Virginia


BORIS JAMES ALSTON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1733-10-1                      JUDGE RANDOLPH A. BEALES
                                                          JUNE 7, 2011

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                              H. Vincent Conway, Jr., Judge

                Charles E. Haden for appellant.

                John W. Blanton, Assistant Attorney General (Kenneth T.
                Cuccinelli, II, Attorney General, on brief), for appellee.


        Pursuant to a plea agreement, Boris James Alston (appellant) was convicted of rape and

sentenced to fifty years in the penitentiary, with thirty years of that sentence suspended upon various

conditions.  After the final order in his case was entered, appellant filed a motion for reconsideration

with the Circuit Court for the City of Newport News.  The circuit court denied his motion.  On

appeal, appellant argues that the Newport News Circuit Court abused its discretion when it denied

this motion.  We disagree with appellant's argument, and, therefore, we affirm his conviction.

                                          BACKGROUND

        The Newport News Circuit Court entered a final order in appellant's rape case on July 19,

2010.  On August 5, 2010, appellant, acting *pro se*, filed with the Newport News Circuit Court a

"Motion for Reconsideration to Run Time Concurrent."  In his written motion, appellant informed

the Newport News Circuit Court that the Circuit Court for the City of Williamsburg and James City

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

County had convicted him of failing to register as a sex offender and had sentenced him in October 2009 to five years to serve. He then specifically requested the following relief:

> I ask you with all honesty that you please consider adding the remainder of the 3 years and 9 months of the Williamsburg sentence to run concurrent with the 20 year sentence that I received from my plea deal in Newport News VA.

The Newport News Circuit Court denied appellant's motion. In its August 26, 2010 order,[1] the Newport News Circuit Court explained, "It appears to this court that he is specifically requesting that the sentence [in] Williamsburg run concurrently with his sentence in Newport News. This court would have no jurisdiction concerning the Williamsburg matter."

## ANALYSIS[2]

In his assignment of error, appellant contends that "[t]he trial court abused its discretion in denying [his] motion to run his Newport News sentence concurrently with the sentence imposed by the Williamsburg/James City County Circuit Court." However, the Newport News Circuit Court did not rule on this question. Instead, the Newport News Circuit Court ruled that, as a matter of law, it could not order that the Williamsburg sentence run concurrently with the Newport News sentence because the Newport News Circuit Court had no jurisdiction over a Williamsburg case. Because the Newport News Circuit Court did not address the issue that

---

[1] This order was entered more than twenty-one days after the Newport News Circuit Court entered the final sentencing order in this case. See Rule 1:1 (limiting a court's jurisdiction to twenty-one days after entry of a final order). Code § 19.2-303 creates an exception to Rule 1:1 in criminal cases when the defendant has not yet been transferred to the Department of Corrections. See Code § 19.2-303; Russnak v. Commonwealth, 10 Va. App. 317, 324, 392 S.E.2d 491, 495 (1990). The Newport News Circuit Court ruled that it did not have jurisdiction over the Williamsburg conviction – not that it lacked jurisdiction under Code § 19.2-303.

[2] Because we affirm on other grounds, we need not address here whether the Newport News Circuit Court had authority to amend a sentencing order that was entered pursuant to and in compliance with a stipulated and accepted plea agreement, such as the order that was entered here by the Circuit Court for the City of Newport News. See Rule 3A:8(c); Wright v. Commonwealth, 275 Va. 77, 655 S.E.2d 7 (2008).

appellant now raises on appeal, this Court has no ruling to review for "abuse of discretion," as appellant requests. As a result, this Court cannot consider his assignment of error. See Rule 5A:18; Williams v. Commonwealth, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010); see also Duva v. Duva, 55 Va. App. 286, 299, 685 S.E.2d 842, 849 (2009) ("Because the record does not show that the trial court ruled on appellant's argument, there is no ruling of the trial court for this Court to review on appeal.").

In addition, in making the ruling that it did on appellant's motion, the Newport News Circuit Court correctly found that it had "no jurisdiction concerning the Williamsburg matter." See Code § 19.2-239. Here, the Williamsburg/James City County Circuit Court had already exercised its authority over the charge that appellant had failed to register as a sex offender. Appellant presents no authority to this Court that suggests the Newport News Circuit Court had any jurisdiction to change the sentence imposed by the Williamsburg/James City County Circuit Court. Thus, we find that the Newport News Circuit Court did not abuse its discretion in denying appellant's motion.

CONCLUSION

We find that the Circuit Court for the City of Newport News did not err in this case, and we affirm appellant's conviction.

Affirmed.