ELDER, J.,
dissenting.
The majority’s interpretation of Code § 19.2-303 is well-written and has reasonable foundation in our case law. However, I cannot agree that the result the majority reaches is what the General Assembly intended when it “afford[ed] to trial courts a valuable means of bringing about the rehabilitation of offenders against the criminal laws.” Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952). Because I believe that public policy overrides the strict interpretation of Code § 19.2-303 that the majority espouses, I respectfully dissent.
It is undisputed that in this case, appellant was mistakenly transferred to the Department of Corrections (DOC) despite the February 25, 2011 order that conveyed the trial court’s explicit intent “to retain jurisdiction of [appellant’s] case.” The manifest intent of the General Assembly in enacting Code § 19.2-303 is clear: “The purposes of Code § 19.2-303 are rehabilitative in nature.” Esparza v. Commonwealth, 29 Va.App. 600, 607, 513 S.E.2d 885, 888 (1999). Code § 19.2-303 “confer[s] upon trial courts ‘wide latitude’ and much ‘discretion in matters of suspension and probation ... to provide a remedial tool ... in the rehabilitation of criminals’ and, to that end, ‘should be liberally construed.’ ” Deal v. Commonwealth, 15 Va.App. 157, 161, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles v. Commonwealth, 12 Va.App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991)).
Here, the trial court informed appellant that his cooperation with the Commonwealth in testifying against his co-defendant was “substantively mitigating” and would have supported a reconsideration of appellant’s sentence had he not been transferred to the DOC in contravention of the February 25, 2011 order. The majority’s holding constrains the trial court’s ability to reward a criminal defendant for cooperating with the Commonwealth, and imposes an unfair result on appellant.
*400 I find guidance in the Supreme Court’s decision in E.C. v. Va. Dep’t of Juvenile Justice, 283 Va. 522, 525, 722 S.E.2d 827, 828 (2012), in which the Court held that although the petitioner had been released from custody while his petition for writ of habeas corpus was pending, the trial court still had jurisdiction to consider the petition. In June 2007, the petitioner entered guilty pleas on the charges of breaking and entering and rape. On August 18, 2009, a consortium of attorneys filed a petition for a writ of habeas corpus on the petitioner’s behalf alleging that his guilty pleas were neither knowing nor voluntary and were constitutionally invalid for several reasons. Id. at 526, 722 S.E.2d at 829. Despite a request from the petitioner’s attorneys that his release from parole supervision be delayed, the petitioner was released from supervision on August 24, 2009, six days after his habeas petition was filed. The Supreme Court rejected an interpretation of Code § 8.01-662 requiring that the petitioner still be under detention in order to seek relief from an allegedly unlawful conviction. Id. at 529, 722 S.E.2d at 830 (holding that “active jurisdiction arose [when] the petitioner was detained for purposes of habeas corpus when the petition was filed”).
Further, the Court held that the controversy was not rendered moot by the petitioner’s subsequent release from parole supervision where “a petitioner challenging the legality of his conviction continues to suffer a concrete and continuing injury, which is a collateral consequence of the conviction.” Id. at 531, 722 S.E.2d at 831. Accepting a strict interpretation “would work a particularly harsh result in this case and in other cases involving juveniles who received indeterminate terms of confinement or parole under the supervision and control of the [Department of Juvenile Justice].” Id. at 535, 722 S.E.2d at 834. In keeping with the liberal construction given to remedial statutes, the Supreme Court held that “a petitioner exercising his right to challenge the validity of a conviction through a petition for a writ of habeas corpus should not be deprived of that right because factors beyond his control have caused the proceeding to extend beyond the period of his sentence, probation or parole.” Id.
*401 Although the Supreme Court’s holding in E.C. involved a petition for a writ of habeas corpus and not a motion for reconsideration of a sentence, the principles are similar. Code § 8.01-662 requires that “the court before whom the petitioner is brought shall either discharge or remand him, or admit him to bail and adjudge the cost of the proceeding, including the charge for transporting the prisoner.” The plain meaning of the word “discharge” necessarily requires the detention of the petitioner because an agency cannot discharge a person who is not in its custody. However, a literal interpretation of this code section subverts the remedial purpose of Code § 8.01-662 because it “would allow the [Department of Juvenile Justice] to defeat any petition for a writ of habeas corpus filed by a juvenile under its supervision serving such an indeterminate sentence by releasing the juvenile from confinement or parole upon notification that such petition was filed.” E.C., 283 Va. at 535, 722 S.E.2d at 834. Similarly, the literal interpretation of Code § 19.2-303 espoused by the majority allows an administrative agency to defeat any reconsideration of a defendant’s sentence while he is in the custody of the local jail by transferring the individual to the DOC without any notice to the trial court and in contravention of its clearly expressed intent, memorialized in an order, to retain jurisdiction over the proceeding. Indeed, the majority’s approach does not allow relief for those circumstances in which a transfer has been made in bad faith. Although the majority acknowledges the remedial nature of Code § 19.2-303, it adopts an interpretation that allows grossly unfair results, like those reached in this case.
Although the trial court should have vacated the final sentencing order, it did not lose jurisdiction to reconsider appellant’s sentence under Code § 19.2-303 because appellant had been transferred to the DOC in contravention to the trial court’s valid order that explicitly ordered appellant to remain in the Norfolk City jail. The majority’s interpretation, though reasonable, achieves an unfair result through no fault of appellant. Accordingly, I respectfully dissent.