COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Causey and Senior Judge Clements
Argued at Richmond, Virginia


DAVID MATTHEW GARNETT

v.        Record No. 0767-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
JUDGE DORIS HENDERSON CAUSEY
OCTOBER 25, 2022


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

Mark D'Antonio, Senior Trial Attorney (Office of the Public
Defender, on briefs), for appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General; Stephen J. Sovinsky, Assistant Attorney General,
on brief), for appellee.


David Matthew Garnett ("appellant") appeals the judgment of the Circuit Court of

Spotsylvania County revoking his previously suspended sentences.  Appellant argues that the

trial court abused its discretion when it revoked his entire suspended sentences and "failed to

suspend any portion of [his] revoked sentence."  For the reasons below, we affirm the trial

court's judgment.

BACKGROUND

In 2010, the trial court convicted appellant of statutory burglary, petit larceny, possession

of a controlled substance, and possession of burglary tools.  The trial court sentenced appellant to

a total of six years and twelve months of incarceration.  The trial court suspended three years and

eighteen months, conditioned upon ten years of good behavior and indefinite supervised

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

probation. In 2014, the trial court revoked and resuspended "all but 1 year" of appellant's currently active sentences.[1]

In 2017, appellant pleaded guilty under a written plea agreement to possession of a Schedule I or II controlled substance. The trial court sentenced appellant to five years of imprisonment with four years and six months suspended, conditioned upon ten years of good behavior and indefinite supervised probation "for a time period not to exceed 10 years." Based on appellant's new conviction, the trial court revoked appellant's previously suspended sentences with two years and twelve months resuspended. In 2019, the trial court revoked appellant's sentence of six years and eighteen months and resuspended all but twelve months, conditioned upon five years of good behavior, indefinite supervised probation "not to exceed the good behavior period," and successful completion of the Community Corrections Alternative Program ("CCAP") program.

In February 2021, appellant's probation officer requested that a show cause hearing be scheduled because appellant had failed to report for his scheduled CCAP intake appointment. Based on the reported violation, the Commonwealth moved for revocation of appellant's suspended sentences. While the revocation proceedings were pending, appellant's probation officer filed two addenda: the first reported that appellant had been arrested for his current probation violation; the second reported that appellant had been convicted of falsely identifying himself to law enforcement.

At the revocation hearing on June 22, 2021, appellant pleaded guilty to violating the terms of his previously suspended sentences. The trial court admitted the probation officer's violation

---

[1] The 2014 "Show Cause Revocation Order," in revoking and resuspending portions of appellant's sentence, discusses two prior convictions—one from 2002 and one from 2006. At the revocation hearing at issue here, however, the trial court noted that appellant had active sentences dating back to as far as 2010.

report and the two addenda into evidence. Based on appellant's plea and the evidence, the trial court found that appellant had violated the terms of his previously suspended sentences. Turning to the question of an appropriate sentence, the Commonwealth proffered appellant's criminal history, which the trial court admitted over appellant's objection.

Appellant testified and acknowledged that he had a "lengthy [criminal] history." In December 2020, he was released "early" from incarceration because of the COVID-19 pandemic. Upon his release, appellant returned home and checked in with his probation officer. In January 2021, appellant was instructed to report to CCAP on February 5, 2021. Despite appellant's acknowledged need for substance abuse treatment to combat his twenty-year cocaine addiction, he failed to report to CCAP as instructed. Appellant explained that his "bad side won out" because he did not want to be "confined again." When the police stopped him two months later, appellant "pretty much figured" they were looking for him, "panic[ked]," and gave the officers a false name. Appellant testified that he was fifty-seven years old, but he had "some fight left" in him. He wanted to use that fight to complete CCAP because he had "never had a chance" to address his drug addiction; he was only sentenced to "prison time."

On cross-examination, appellant acknowledged that this was his fourth probation revocation and that he still "owe[d]" the trial court CCAP. Appellant contended that he did not deserve an active sentence because "all [he] did was not go to the program."

In arguing the appropriate sentence, appellant asked the trial court to impose "six months or so" of incarceration—an amount of "time that would [not] negate his ability" to participate in CCAP. Appellant acknowledged that he had made "a really terrible decision" in not reporting to CCAP intake, which was compounded when he later gave the officers a false name; however, but for the new misdemeanor conviction, the revocation guidelines recommended probation/no incarceration. Notwithstanding his significant criminal history and the substantial amount of

time "over his head," appellant argued that his past failures should not prevent him from receiving the "help that he needs now."

In contrast, the Commonwealth argued that appellant's case warranted "full revocation" of his previously suspended sentences. The record demonstrated that during the suspension period appellant had obtained "multiple" convictions and probation violations, including the new conviction for providing false identification to law enforcement. The Commonwealth noted that this was appellant's fourth probation revocation and he "should not be rewarded" with CCAP after he "blew it off completely."

Appellant acknowledged his criminal history. Appellant assured the trial court that he was "not one to make excuses" and understood there were consequences for his actions. He asked the trial court for help addressing his drug addiction, stating that CCAP was "not a reward," but "a chance to save [his] life."

The trial court found that appellant's testimony that he "never had a chance to help himself" was "factually false" because appellant had received repeated "chances," but he chose not to go to CCAP. The trial court found that it was "clear" that appellant would not benefit from probation and revoked the balance of appellant's previously suspended sentences, reimposing the remaining balance of five years and eighteen months of incarceration. Appellant filed a *pro se* motion to modify his sentence, which the trial court denied. This appeal follows.

ANALYSIS

Appellant argues that the trial court abused its discretion in failing to suspend any portion of his revoked sentences because it did not consider the rehabilitative purpose of Code § 19.2-306 (the revocation statute) or his mitigating evidence.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the

period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

"A new conviction certainly constitutes good cause to revoke the suspension of a previously imposed sentence." *Booker v. Commonwealth*, 61 Va. App. 323, 338 (2012) ("[T]he court below did not abuse its discretion in revoking the entirety of appellant's eight-year suspended sentence in light of th[e] new conviction."); *see Burnham v. Commonwealth*, 298 Va. 109, 117-18 (2019) ("By *committing new crimes*, the defendant *violated* the long[-]established implicit *condition of good behavior*. Consequently, the court possessed the authority to revoke his previously suspended sentence for crimes committed during the period of suspension." (emphases added)); *Alsberry*, 39 Va. App. at 316-17, 321-22 (upholding trial court's decision to revoke the defendant's probation and reimpose "the entire balance of his previously suspended sentence, a total of twenty-four years and five and one-half months," when the defendant had new misdemeanor convictions[2] and was before the court for his *fourth* probation violation).

When a trial court revokes a suspended sentence and reimposes some or all of the time, "we may presume that the court considered th[e] rehabilitative purpose [of Code § 19.2-306]" in making

---

[2] The defendant in *Alsberry* had new convictions for "misdemeanor destruction of private property" and "being a Peeping Tom." 39 Va. App. at 316. *Alsberry* does not specify what section of the Code the defendant violated in "being a Peeping Tom," but appellant likely violated Code § 18.2-130, entitled "Peeping or spying into dwelling or enclosure." At the time of Alsberry's conviction, a violation of Code § 18.2-130 was a misdemeanor. *See* Code § 18.2-130(E) (1999).

its decision. *Esparza v. Commonwealth*, 29 Va. App. 600, 609 (1999); *see id.* (observing that "every act of a court of competent jurisdiction is presumed to have been rightly done" (citing *Samuels v. Commonwealth*, 27 Va. App. 119, 129 (1998))). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992)*; see id.* at 583-84 (upholding trial court's imposition of the maximum sentence where the court "noted defendant's argument for mitigation and, in the same sentence, concluded that the factors cited by defendant failed to justify overlooking defendant's ruthless behavior").

Here, we hold that the trial court did not err in revoking appellant's entire suspended sentences and reimposing the remaining balance. Appellant's new misdemeanor conviction[3] for falsely identifying himself to law enforcement is good cause to revoke the suspension of a previously imposed sentence. An implicit condition of appellant's suspended sentences was good behavior, and committing new crimes violates this condition. Additionally, the trial court is presumed to have considered the rehabilitative purpose of Code § 19.2-306 in making its ruling. Lastly, there is "no clear evidence" that the court ignored appellant's mitigating evidence. The trial court specifically referenced appellant's mitigation evidence in making its ruling, finding appellant's testimony "factually false." Instead, the trial court found that, given appellant's lengthy criminal history and the repeated "chances" appellant had received, it was "clear" that appellant would not benefit from probation. Thus, we hold that the trial court did not abuse its discretion and uphold its revocation of appellant's suspended sentences and reimposition of five years and eighteen months of incarceration.

---

[3] *See* Code § 19.2-82.1.

CONCLUSION

For the reasons stated above, the trial court's judgment is affirmed.

*Affirmed.*