COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bray
Argued at Richmond, Virginia


DANIEL ERIC BOYD
                                          OPINION BY
v.        Record No. 1485-97-2       JUDGE LARRY G. ELDER
                                       DECEMBER 1, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Donald W. Lemons, Judge

            John B. Mann (Levit & Mann, on brief), for
            appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Daniel Boyd (appellant) appeals from the sentences imposed

for his jury trial convictions on two related cocaine offenses.

He contends the trial court violated his due process rights by

imposing pursuant to Code § 18.2-10(g) additional punishment for

each offense in the form of a suspended term of post-release

incarceration, which was "conditioned upon his successful

completion of a period of post-release supervision pursuant to

§ 19.2-295.2."  For the reasons that follow, we reject

appellant's contention and affirm his sentences.

                              I.

                            FACTS

     On April 9, 1997, appellant was convicted by a jury for

possession of cocaine with intent to distribute, after previously

having been convicted of a like offense, and for possession of

cocaine with intent to distribute within one-thousand feet of a school, in violation of Code §§ 18.2-248 and 18.2-255.2, respectively. Both offenses occurred on June 11, 1996. The jury fixed punishment at five years and a $1 fine on the first charge and one year and a $1 fine on the second charge.

On May 19, 1997, the trial judge sentenced appellant in accordance with the jury verdicts. In addition, pursuant to Code § 18.2-10, he sentenced appellant to a suspended post-release term of three years on each offense. Pursuant to Code § 19.2-295.2(A), he imposed a three-year term of post-release supervision on each charge. Counsel for appellant objected, arguing that the post-release terms violated appellant's right to due process because they were beyond the sentences imposed by the jury. The trial court rejected appellant's contention, and this appeal followed.

## II.

### ANALYSIS

Appellant contends the trial court's imposition of post-release terms of suspended incarceration and supervision under Code §§ 18.2-10 and 19.2-295.2 violated his due process right to be sentenced by the jury. Guided by the logic we employed in Allard v. Commonwealth, 24 Va. App. 57, 480 S.E.2d 139 (1997),[1] we affirm appellant's sentences.

---

[1]Appellant contends that the portion of Allard rejecting the argument he advances here is dicta and, therefore, is not controlling. Assuming without deciding that appellant is correct, we remain free to make independent application of the reasoning in

-2-

In Virginia, the legislature has given juries the power to "sentence [a] defendant according to the evidence in the trial and within the limits set by the General Assembly for the crimes committed."  See Walker v. Commonwealth, 25 Va. App. 50, 62, 486 S.E.2d 126, 132 (1997); see also Code §§ 19.2-295, 19.2-295.1.  "This phenomenon [of jury sentencing] did not arise by accident; the General Assembly made a conscious decision to depart from the common law, under which the court sentenced the defendant."  Walker, 25 Va. App. at 61, 486 S.E.2d at 131-32.

However, nothing in the United States or Virginia Constitution gives a defendant the right to be sentenced by a jury or solely by a jury.  See Fogg v. Commonwealth, 215 Va. 164, 166-67, 207 S.E.2d 847, 849-50 (1974).  As we recognized in Allard, "'[t]he choice of sentencing procedures is a matter for legislative determination[,]' [and] . . . under Virginia's statutory scheme, the sentence ascertained by the jury is not final or absolute."  Allard, 24 Va. App. at 67, 480 S.E.2d at 144 (quoting Duncan v. Commonwealth, 2 Va. App. 342, 344-45, 343 S.E.2d 392, 393-94 (1986)).

Code § 19.2-303, for example, provides that, "[a]fter conviction, whether with or without a jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine . . . ."  That statutory

Allard to the facts of this case.

authorization is long standing in Virginia.  See 1918 Acts ch.

349 § 2 (enacting predecessor code section).  Similarly, Code

§ 19.2-295.2, and related provisions in Code § 18.2-10,[2]

expressly permit the court under certain circumstances to enlarge

the sentence recommended by the jury:

> At the time the court imposes sentence upon a
> conviction for any felony offense committed
> on or after January 1, 1995, the court may,
> in addition to any other punishment imposed
> if such other punishment includes an active
> term of incarceration in a state or local
> correctional facility, impose a term in
> addition to the active term of not less than
> six months nor more than three years, as the
> court may determine.  Such additional term
> shall be suspended and the defendant placed
> under post-release supervision upon release
> from the active term of incarceration.

Code § 19.2-295.2(A).

---

[2]The relevant portions of Code § 18.2-10 provide:

> For any felony offense committed on or after
> January 1, 1995, the court may impose an
> additional term of not less than six months
> nor more than three years, which shall be
> suspended conditioned upon successful
> completion of a period of post-release
> supervision pursuant to § 19.2-295.2 and
> compliance with such other terms as the
> sentencing court may require.  However, such
> additional term may only be imposed when the
> sentence includes an active term of
> incarceration in a correctional facility.

Code § 19.2-295.2(A) paraphrases this language and contains
additional provisions regarding the period of supervision.

-4-

Appellant contends that Code § 19.2-295.1, which provides for bifurcated jury sentencing,[3] gives an accused a due process right to be sentenced by a jury, thereby rendering unconstitutional the provisions of Code § 19.2-295.2, which permit the imposition of a post-release suspended sentence and supervision. Again, guided by the reasoning in Allard, we disagree.

Although we did not expressly consider the provisions of Code § 19.2-295.1 in Allard, we discussed principles of statutory interpretation that are equally applicable here. As we said in Allard, "[a] fundamental rule of statutory construction requires that courts view the entire body of legislation and the statutory scheme to determine the 'true intention of each part.'" 24 Va. App. at 67, 480 S.E.2d at 144 (quoting Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989) (quoting McDaniel v. Commonwealth, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1957))). "To do so, '[t]wo statutes which are closely interrelated must be read and construed together and effect given to all of their provisions.' Potentially conflicting statutes should be harmonized to give force and effect to each." Zamani v. Commonwealth, 26 Va. App. 59, 63, 492 S.E.2d 854, 856 (1997) (quoting ACB Trucking, Inc. v. Griffin, 5 Va. App. 542, 547-48,

_____

[3]Code § 19.2-295.1 provides that, "[i]n cases of trial by jury, upon a finding that the defendant is guilty of a felony, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury." In that proceeding, the Commonwealth may introduce evidence of aggravating factors, including prior convictions, and "the defendant may introduce relevant, admissible evidence related to punishment." Id.

365 S.E.2d 334, 337-38 (1988)).

To interpret Code § 19.2-295.1 in the manner appellant urges would violate these principles. Furthermore, as we reasoned in Allard, "a plain reading" of § 19.2-295.2 "reveals that [it] applies to both bench and jury trials." 24 Va. App. at 67, 480 S.E.2d at 144. Therefore, we hold that the legislature intended the procedures outlined in Code § 19.2-295.1 for the jury's ascertainment of punishment to be subject to (1) the provisions of § 19.2-295, which require the jury's sentence to be "[w]ithin the limits prescribed by law"; (2) the provisions of § 19.2-295.2, which permit the trial court to impose a suspended term of incarceration and post-release supervision when the jury's sentence includes an active term of incarceration; and (3) the provisions of Code § 19.2-303, which permit the trial court to suspend some or all of a sentence and impose probation.

As construed above, the provisions of Code § 19.2-295.2 do not violate due process as alleged by appellant and do not conflict with Code §§ 19.2-295, 19.2-295.1 or 19.2-303. Therefore, the trial court did not violate appellant's due process rights by imposing post-release periods of suspended incarceration and supervision pursuant to Code § 19.2-295.2.

For these reasons, we affirm appellant's sentences.

Affirmed.