Present: Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and Agee, JJ., and Carrico, S.J.

JAMES HOWARD WILLIAMS

v.   Record No. 042647

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE HARRY L. CARRICO
November 4, 2005

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal involves the application of Code § 19.2-295.2, which provides in pertinent part as follows:

> A. At the time the court imposes sentence upon a conviction for any felony offense . . . the court . . . shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, . . . impose a term of postrelease supervision of not less than six months nor more than three years, as the court may determine.  Such additional term shall be suspended and the defendant placed under postrelease supervision upon release from the active term of incarceration.

> B. The period of postrelease supervision shall be under the supervision and review of the Virginia Parole Board.[1]

The defendant, James Howard Williams, was indicted for the possession or transportation of a firearm after having been convicted of a felony in violation of Code § 18.2-308.2.  The defendant was also indicted for knowingly buying, receiving, or

---

[1] Code § 18.2-10(g) parallels Code § 19.2-295.2.  Section 18.2-10(g) provides in pertinent part that for any felony offense where the sentence includes an active term of incarceration in a correctional facility, the trial court "shall . . . impose an additional term of not less than six months nor more than three years, which shall be suspended conditioned upon

aiding in concealing a stolen firearm in violation of Code § 18.2-108.1. A jury convicted the defendant of both offenses and fixed his punishment at five years' imprisonment on the first charge and two and one-half years on the second charge.

The trial court imposed the sentences fixed by the jury and in addition imposed upon him a three-year term of postrelease supervision. The court suspended the three-year sentence of postrelease supervision upon condition that the defendant "shall be of good behavior for ten (10) years commencing upon his release from confinement." The trial court placed the defendant on probation "under the supervision of a Probation Officer" for three years upon his release from confinement.[2]

The defendant appealed his convictions to the Court of Appeals. He argued there that the total sentence imposed, including the term of postrelease supervision, exceeded the maximum punishment the law permitted for two Class 6 felonies and that the trial court abused its discretion by imposing such a sentence.

---

successful completion of a period of post-release supervision pursuant to § 19.2-295.2."

[2] The defendant argues on brief that the suspension of the three-year term "was conditioned upon the [defendant] being placed under the supervision of a District 9 probation officer, not under the supervision of the Virginia Parole Board which is what is contemplated and directed by *Virginia Code* § 19.2-295.2." However, this argument was not made at trial and, therefore, it will not be considered by this Court. Rule 5:25.

The Court of Appeals rejected this argument, finding that the sentences imposed by the trial court, including the three-year term of postrelease supervision, "were within the ranges set by the legislature" and, accordingly, that "the [trial] court did not abuse its discretion in sentencing [the defendant]." The Court of Appeals denied the defendant's petition for appeal by an unpublished per curiam opinion, and we awarded him this appeal. In the sole assignment of error before this Court, the defendant contends that the Court of Appeals committed reversible error in finding that his sentences were valid.

The Court of Appeals also noted the defendant made two other claims, viz., that "Code § 19.2-295.2 is ambiguously worded and that his sentence violated his constitutional rights." The Court of Appeals held that the defendant "did not raise these claims in the trial court" and, accordingly, that Rule 5A:18 barred "consideration of these questions on appeal."

The defendant makes these same two claims in this Court. However, he has not assigned error to the Court of Appeals' holding that consideration of the two claims was barred by Rule 5A:18. In the absence of such an assignment of error,

consideration of these two claims is also barred here.  Rule

5:17(c).[3]

Accordingly, we will consider only the defendant's

contention that his sentences, including the term of postrelease

supervision, exceeded the maximum punishment permitted for two

Class 6 felonies and constituted an abuse of discretion by the

trial court.  The defendant points out that each of the two

felonies with which he was charged carried a maximum sentence of

five years, for a total of ten years.  The defendant then argues

that when the three-year term of postrelease supervision imposed

by the trial court is added to the seven-and-one-half-year terms

fixed by the jury, his sentences total ten and one-half years,

exceeding by six months the maximum ten-year term the defendant

---

[3] With respect to his constitutional claim, the defendant
argued in the Court of Appeals that "[t]he trial court exceeded
its authority to impose a sentence greater than the jury
recommendation based on facts that were found by the trial court
and not by the jury in violation of [the defendant's] due
process right to a fair sentencing hearing."  In support of his
argument, the defendant cited Blakely v. Washington, 542 U.S.
296,___, 124 S.Ct. 2531 (2004).  He also cites Blakely in his
brief filed in this Court and adds Apprendi v. New Jersey, 530
U.S. 466 (2000).  In both cases, it is stated that " '[o]ther
than the fact of a prior conviction, any fact that increases the
penalty for a crime beyond the prescribed statutory maximum must
be submitted to a jury, and proved beyond a reasonable doubt.' "
Blakely, 542 U.S. at ___, 124 S.Ct. at 2536; Apprendi, 530 U.S.
at 490.  In view of the defendant's failure to assign error to
the Court of Appeals' holding on this claim, we express no
opinion on the applicability of Blakely and Apprendi to the case
before us.

4

says is allowed for two Class 6 felonies, resulting in an illegal sentence.

We disagree with the defendant.  He would have us ignore the three-year term of postrelease supervision when computing the length of the term permitted for two Class 6 felonies, resulting in a permitted term of only ten years, but count the three-year term when calculating the total length of punishment imposed, resulting in a term of ten and one-half years, six months in excess of the permitted sentences.

This would be a misapplication of Code § 19.2-295.2.  Under a proper application of the Code section, in determining the length of a permitted sentence, the three-year term of postrelease supervision is added to the ten-year term that could have been imposed for the two offenses of which the defendant was convicted.  This produces a permitted term of thirteen years, greater by thirty months than the ten and one-half years of punishment actually imposed upon the defendant.  Thus, the sentences imposed by the trial court, including the three-year term of postrelease supervision, were within the ranges set by the General Assembly and, therefore, were not illegal.

Nor did the trial court abuse its discretion by imposing the sentences. "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse

of discretion." Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977).

Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.