COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Clements and Beales
Argued at Richmond, Virginia


ANDREW ROBERT ALSTON

                                                                    OPINION BY
v.        Record No. 0951-05-2            JUDGE RANDOLPH A. BEALES
                                                                  DECEMBER 5, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Stephen R. McCullough, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted Andrew Robert Alston (appellant) of voluntary manslaughter, a Class 5

felony, and fixed his punishment at three years of imprisonment.  The trial court sentenced

appellant to serve the three years and added a three-year term of post-release supervision

pursuant to Code § 19.2-295.2.  Appellant appeals this sentence, arguing that the addition of

post-release supervision violates his constitutional right to a jury, his constitutional due process

rights, runs counter to the principle of separation of powers, and contradicts the General Assembly's

intent in enacting Code § 19.2-295.2.  For the reasons expressed herein, we affirm appellant's

sentence.

Appellant does not argue error occurred during the guilt phase of his trial.  The alleged error

arose after the jury was excused, when the trial court imposed the three years of imprisonment fixed

by the jury and included three years of post-release supervision pursuant to Code § 19.2-295.2(A).

Therefore, we include only an abbreviated version of the underlying facts supporting the conviction.

On November 7, 2003, Walker Sisk met some friends in Charlottesville, and they spent the evening going to several bars. James Schwab joined the group at some point during the evening. At about 2:00 a.m., Sisk and Schwab saw William Fagley, who was across the street with appellant, a University of Virginia student, and two other people. Sisk and Fagley started yelling profanities at each other across the street. Sisk eventually crossed the street to where Fagley's group stood. Appellant and two other people in Fagley's group attempted to defuse the situation.

Sisk and Fagley continued their verbal exchange as they walked along the sidewalk with the now-merged groups. Suddenly, witnesses noted that appellant appeared to begin punching Sisk, and Sisk doubled over. The witnesses described the punching as odd, as if appellant had keys in his hand. Sisk eventually fell to the ground.

Schwab came to Sisk's defense and punched appellant. Someone then mentioned the police, and several people, including appellant, ran. Schwab realized that Sisk was bleeding badly, and he called the police.

The medical examiner testified that Sisk was stabbed approximately twenty times, with wounds to his heart and to a lung causing his death. Appellant had a wound to his hand consistent with stabbing someone.

The jury convicted appellant of voluntary manslaughter and fixed his sentence at three years in the penitentiary. The trial court sentenced appellant to serve three years and added three years of post-release supervision, pursuant to Code § 19.2-295.2(A).

Code § 19.2-295.2(A) reads, in relevant part:

> At the time the court imposes sentence upon a conviction for any felony offense . . . the court . . . shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of postrelease supervision of

not less than six months nor more than three years, as the court may determine. Such additional term shall be suspended and the defendant placed under postrelease supervision upon release from the active term of incarceration. The period of supervision shall be established by the court; however, such period shall not be less than six months nor more than three years.

Although the final order here does not include a definite term of suspended confinement for a violation of the terms of post-release supervision, appellant argues he could serve a total of six years under the order – the sentence of three years fixed by the jury and an additional three years if he violates the terms of the post-release supervision.[1]

The issues presented in this appeal do not involve questions of fact, but instead address questions of law. Therefore, our standard of review here is *de novo*. See Gray v. Bourne, 46 Va. App. 11, 20, 614 S.E.2d 661, 665 (2005); Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001).

## I. Right to a Jury

Appellant argues that the addition of post-release supervision violates his Sixth Amendment right to a jury trial, as the jury fixed his sentence at three years. He contends that in Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that a judge must sentence a defendant as pronounced by the jury and cannot impose any additional sentence. We disagree with this interpretation of Blakely.

The analysis in Blakely does not restrict sentencing to the number of years set by the jury, but instead to the *factual findings* of the jury. Blakely's sentence was unconstitutional because the judge made factual findings that increased the maximum sentence, not simply

---

[1] Code § 19.2-295.2 allows a court to suspend three years of confinement conditioned upon post-release supervision. The final order includes only the length of the supervision, not a specific term of suspended confinement. See Code § 18.2-10 (requiring a court, pursuant to some conditions, to impose an additional sentence of six months to three years and suspend that sentence as described in Code § 19.2-295.2).

because the judge increased the sentence. As the Supreme Court explained, judges must sentence "*solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Id. at 303. The Court noted that Blakely pled guilty to second-degree kidnapping in part to avoid a first-degree offense sentence, but the trial court's independent fact-finding essentially sentenced him as if he was convicted of a first-degree crime. Id. at 307. The Court held:

> Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in Apprendi [v. New Jersey, 530 U.S. 466 (2000)]), one of several specified facts (as in Ring [v. Arizona, 536 U.S. 584 (2002)]), or *any* aggravating fact (as here), it remains the case that the jury's verdict [or the guilty plea] alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact. Because the State's sentencing procedure did not comply with the Sixth Amendment, petitioner's sentence is invalid.

Id. at 305.

The Supreme Court re-examined this issue in United States v. Booker, 543 U.S. 220 (2005), which held the federal sentencing guidelines were unconstitutional; the Court said:

> The jury convicted [Booker] of possessing at least 50 grams of crack in violation of 21 U.S.C. § 841(b)(1)(A)(iii) based on evidence that he had 92.5 grams of crack in his duffel bag. Under these facts, the Guidelines specified an offense level of 32, which, given the defendant's criminal history category, authorized a sentence of 210-to-262 months. See USSG § 2D1.1(c)(4). . . .
>
> Booker's actual sentence, however, was 360 months, almost 10 years longer than the Guidelines range supported by the jury verdict alone. To reach this sentence, the judge found facts beyond those found by the jury: namely, that Booker possessed 566 grams of crack in addition to the 92.5 grams in his duffel bag. The jury never heard any evidence of the additional drug quantity, and the judge found it true by a preponderance of the evidence. Thus, just as in Blakely, "the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact." 542 U.S., at 305, 159 L. Ed. 2d 403, 124 S. Ct. 2531. There is no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the

sentences imposed pursuant to the Federal Sentencing Guidelines in these cases.

Id. at 235. In contrast, the Virginia Supreme Court, although not discussing Apprendi or Blakely, has found that trial courts have authority to impose up to a three-year term of probation in addition to the sentence imposed by a jury, based on the provisions of Code § 19.2-295.2. Williams v. Commonwealth, 270 Va. 580, 583 n.3, 584, 621 S.E.2d 98, 100 & n.3 (2005).[2]

In United States v. Liero, 298 F.3d 1175 (9th Cir. 2002), the Ninth Circuit Court of Appeals addressed the essence of appellant's argument. A trial judge sentenced Liero to serve fifteen months in prison. When Liero was released from prison, he began three years of supervised release, pursuant to a federal statute similar to Code § 19.2-295.2. Id. at 1176. When he violated the conditions of the supervision, the court returned him to prison for an additional nine months. Id. The Ninth Circuit explained that a statute can provide for additional components to a sentence without violating the right to a jury as explained in Apprendi v. New Jersey, 530 U.S. 466 (2000).[3] Id. at 1177-78. The Court noted that, while the exercise of judicial discretion can affect the ultimate sentence, that exercise does not increase a defendant's sentence beyond the maximum by statute and the jury's findings. Id.

Code § 19.2-295.2 applies to all felony sentences involving incarceration "except in cases in which a court orders a suspended term of confinement of at least six months." This statute does not

---

[2] This Court also previously upheld the provisions of Code § 19.2-295.2, although in the context of due process rights rather than the right to a jury. See generally Boyd v. Commonwealth, 28 Va. App. 537, 507 S.E.2d 107 (1998).

[3] As mentioned in Blakely, 542 U.S. at 301-05, Apprendi was the first decision in a line of cases by the United States Supreme Court that found the right to a jury trial extended beyond the guilt phase and into the sentencing phase, where the length of the sentence is based on an additional factual finding. The Apprendi Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

require that a trial court find proof of particular facts independent of the jury's conviction. The trial court here did not make any factual determinations beyond those implicit in the jury's conviction. Although the trial court stated it was imposing three years of post-release supervision based on the seriousness of the crime, such a statement does not support appellant's contention that the trial court made independent findings of fact. The jury found him guilty of voluntary manslaughter, which is a serious crime involving a death.

We find no merit to appellant's contention that his Sixth Amendment right to a jury trial was violated. Appellant also contends Code § 19.2-295.2 is "facially unconstitutional" because it requires that the trial court violate a defendant's Sixth Amendment right to a jury. As this argument is essentially dependent on the argument we just rejected, we do not address the "facially unconstitutional" issue separately.

## II. Due Process

Appellant also claims that his due process rights were violated when the trial court abused its discretion by adding post-release supervision to the jury's sentence. This argument was not preserved.

During the trial, appellant did not argue specifically that the court violated his due process rights. In fact, at one point he specifically stated "due process . . . [is] not our challenge," conceding that he was not making a due process argument. Therefore, this argument is not preserved. See Singson v. Commonwealth, 46 Va. App. 724, 749, 621 S.E.2d 682, 693-94 (2005); Farnsworth v. Commonwealth, 43 Va. App. 490, 500-01, 599 S.E.2d 482, 487 (2004), aff'd, 270 Va. 1, 613 S.E.2d 459 (2005), cert. denied, 126 S. Ct. 1628 (2006). We will not consider this issue on appeal. See Rule 5A:18.[4]

---

[4] The Virginia Supreme Court has addressed the issue of judicial discretion in the application of Code § 19.2-295.2, although without discussing due process. See generally

III. Separation of Powers

Appellant next argues that Code § 19.2-295.2 violates the principle of separation of powers. He contends the statute impermissibly allows a judge to "perform what is quite essentially a legislative function, namely determining what the actual maximum punishment for a crime shall be." In other words, appellant contends the legislature, in enacting Code § 19.2-295.2, ceded its authority to set the maximum penalty for a crime to the trial court.

Appellant was convicted of voluntary manslaughter, a Class 5 felony. See Code § 18.2-35. Under Code § 18.2-10, "The authorized punishments for conviction of a felony are . . . (e) For Class 5 felonies, a term of imprisonment of not less than one year nor more than 10 years . . . ." Therefore, the maximum sentence for voluntary manslaughter is ten years. The jury determined that appellant's sentence should be three years of incarceration. The trial court imposed that sentence and, pursuant to Code § 19.2-295.2(A), added three years of post-release supervision.

The legislature clearly established the maximum sentence for voluntary manslaughter at ten years. The mandate of Code § 19.2-295.2, not the trial court, increases the range of punishment set by the legislature. Thus, appellant's argument fails because the legislature, not the trial court, established the range of punishment. The Virginia appellate courts addressed this issue previously in Williams, 270 Va. 580, 621 S.E.2d 98, and Boyd v. Commonwealth, 28 Va. App. 537, 507 S.E.2d 107 (1998). The Supreme Court explained:

> Under a proper application of the Code section, in determining the length of a permitted sentence, the three-year term of postrelease supervision is added to the ten-year term that could have been imposed for the two offenses of which the defendant was convicted. This produces a permitted term of thirteen years, greater by thirty months than the ten and one-half years of

---

Williams, 270 Va. 580, 621 S.E.2d 98. This Court in Boyd, 28 Va. App. 537, 507 S.E.2d 107, explicitly found Code § 19.2-295.2 does not violate a defendant's due process rights.

punishment actually imposed upon the defendant.  Thus, the sentences imposed by the trial court, including the three-year term of postrelease supervision, were within the ranges set by the General Assembly and, therefore, were not illegal.

Williams 270 Va. at 584, 621 S.E.2d at 100.  Appellant's argument does not convince us that the General Assembly ceded its authority to the judiciary when it enacted Code § 19.2-295.2.

### IV.  Legislative Intent

Appellant argues that the trial court's sentence violated the General Assembly's intention in enacting Code § 19.2-295.2.  He argues that the legislature intended to eliminate parole, but wanted to keep some form of supervision over released prisoners.  He claims the Virginia legislature intended that judges suspend part of the traditional sentence, imposed by a jury under Code § 18.2-10, rather than add to that sentence.  We disagree with appellant's analysis.

Appellant suggests the Court should be guided by Waller v. Commonwealth, 192 Va. 83, 88, 63 S.E.2d 713, 716 (1951), which states, "[A] penal statute must be construed strictly in favor of the accused."  However, "*probation statutes* are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals."  Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982) (emphasis added).  Code § 19.2-295.2 imposes supervision after release from incarceration.  As appellant admits on brief, the statute was intended to provide supervision after a prisoner is released from incarceration.  Code § 19.2-295.2 is more similar to probation than to traditional penal codes and, therefore, should be interpreted liberally.

When considering the meaning and effect of a statute, this Court follows the long-held standard that the clear meanings of words are controlling:

> "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import

the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934) (quoting Floyd v. Harding, 69 Va. 401, 405 (1877)).

Code § 19.2-295.2(A) requires that:

the court . . . in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of postrelease supervision of not less than six months nor more than three years.

By its clear terms, the statute comes into effect only when a judge suspends *less than six months* of a felony sentence. Therefore, it explicitly addresses circumstances when a court will not suspend any of the sentence. Clearly, the General Assembly considered the possibility that a judge may not suspend any of the imposed sentence and, therefore, put in place a requirement for "postrelease supervision of not less than six months nor more than three years" in such circumstances.

Additionally, Code § 19.2-295.2 states that post-release supervision is "*in addition to any other punishment imposed* if such other punishment includes an active term of incarceration." (Emphasis added.) This language does not direct the trial court to suspend a part of the traditional sentence under Code § 18.2-10, but instead to add a period of post-release supervision when less than six months of the traditional sentence is suspended.[5]

---

[5] This Court recently held that Code § 19.2-295.2 also requires a trial court to impose an additional term of supervision when the agreed upon sentence in a plea agreement includes no suspended time. See generally Wright v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (2006).

As this Court previously held in <u>Allard v. Commonwealth</u>, 24 Va. App. 57, 66-69, 480 S.E.2d 139, 143-45 (1997), Code § 19.2-295.2 permissibly extends a felon's sentence beyond the sentence imposed by a jury. The General Assembly did not create a conflict with the older sentencing structure, but instead changed it. <u>Id.</u> at 68, 480 S.E.2d at 144. Appellant asks this Court to find that the legislature did not intend what it clearly expressed in Code § 19.2-295.2. This suggestion runs counter to the basic principles of statutory construction.

## V. Conclusion

We find that appellant's arguments are without merit and affirm his sentence.

<u>Affirmed.</u>