COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Alston
Argued by teleconference


SHAHEE ALI AKBAR

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0915-09-3                  JUDGE LARRY G. ELDER
                                                              APRIL 27, 2010

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                                William N. Alexander, II, Judge

            Arthur J. Donaldson for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General
            (William C. Mims, Attorney General, on brief), for appellee.


        Shahee Ali Akbar (appellant) appeals the imposition of a term of post-release supervision,

contending the imposition of this punishment pursuant to Code § 19.2-295.2 violates the separation

of powers doctrine embodied in article III, § 1, of the Virginia Constitution.  Because the statutory

scheme does not require the Virginia Parole Board (the Board), an executive agency, to usurp the

judicial function of assessing punishment, we affirm the trial court's imposition of a term of

post-release supervision.

                                                    I.

                                              ANALYSIS

        We begin any constitutional analysis with the presumption that the statute is valid and

"resolve any reasonable doubt as to the statute's constitutionality in favor of its legality if

possible."  Taylor v. Worrell Enters., Inc., 242 Va. 219, 221, 409 S.E.2d 136, 137 (1991); see

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Finn v. Va. Retirement Sys., 259 Va. 144, 153, 524 S.E.2d 125, 130 (2000). "Any judgment concerning the wisdom or propriety of a statute remains solely a legislative function, and we will declare a statute null and void only when it is plainly repugnant to a state or federal constitutional provision." In re Phillips, 265 Va. 81, 86, 574 S.E.2d 270, 272 (2003). We review such issues *de novo*. Alston v. Commonwealth, 274 Va. 759, 764, 652 S.E.2d 456, 459 (2007).

Appellant argues the mandatory post-release supervision required by Code § 19.2-295.2 violates the separation of powers doctrine because it empowers the Board, an executive agency, to assess a punishment in excess of what the trial court is statutorily authorized to impose. In other words, appellant contends the executive agency is not simply administering a sentence imposed by the judiciary, but rather levying conditions on the judicially determined sentence and imposing active incarceration above and beyond what the court could have done. Appellant argues that this ability to "amend the court's original sentence" improperly usurps the judiciary's responsibility to assess punishment.

Under the Virginia Constitution, "[t]he legislative, executive, and judicial departments shall be separate and distinct, so that none exercise the powers properly belonging to the others, nor any person exercise the power of more than one of them at the same time." Va. Const. art. III, § 1. We have consistently held "that the degree of separation demanded by the Virginia Constitution is not absolute," Taylor, 242 Va. at 221, 409 S.E.2d at 138, so we "must evaluate such challenges in the contextual framework of the 'whole power' of a governmental department," Phillips, 265 Va. at 86, 574 S.E.2d at 273.

> "When we speak . . . of a separation of the three great departments of government, and maintain that that separation is indispensable to public liberty, we are to understand this maxim in a limited sense. It is not meant to affirm that they must be kept wholly and entirely separate and distinct, and have no common link or dependence, the one upon the other, in the slightest degree. The true meaning is that the whole power of one of these departments should not be exercised by the same hands which

> possess the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free constitution . . . . Indeed there is not a single constitution of any state in the union which does not practically embrace some acknowledgment of the maxim and at the same time some admixture of powers constituting an exception to it."

Winchester & Strasburg R.R. Co. v. Commonwealth, 106 Va. 264, 270, 55 S.E. 692, 694 (1906) (quoting Story's Const. 393, 395 (5th ed.)). Accordingly, "the proper inquiry focuses on the extent to which [the challenged statute] prevents the [judiciary] from accomplishing its constitutionally assigned functions." Nixon v. Admin. of Gen. Servs., 433 U.S. 425, 443, 97 S. Ct. 2777, 2790, 53 L. Ed. 2d 867, 891 (1997); see Taylor, 242 Va. at 223, 409 S.E.2d at 139 (balancing the potential for disruption with "'an[y] overriding need to promote objectives within the constitutional authority of Congress'" (quoting Nixon, 433 U.S. at 443, 97 S. Ct. at 2777, 53 L. Ed. 2d at 891)).

Appellant pled guilty to possession of a firearm by a violent felon in violation of Code § 18.2-308.2. The plea agreement provided appellant would receive the five-year prison term mandated by Code § 18.2-308.2(A).[1] The trial court accepted the plea agreement and found appellant guilty of possession of a firearm by a violent felon. The trial court then sentenced appellant to five years in prison and imposed a three-year period of post-release supervision as required under Code § 19.2-295.2,[2] which the trial court suspended.

---

[1] Code § 18.2-308.2(A) categorizes the crime of possession of a firearm by a violent felon as a Class 6 felony. Further, "any person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of a violent felony as defined in § 17.1-805 shall be sentenced to a mandatory minimum term of imprisonment of five years." Id. Code § 18.2-10 sets the term of imprisonment for Class 6 felonies at "not less than one year nor more than five years." Accordingly, the trial court was required to sentence appellant to five years incarceration.

[2] Code § 19.2-295.2(A) requires the trial court to "impose a term of postrelease supervision of not less than six months nor more than three years, as the court may determine," "in addition to any other punishment imposed if such other punishment includes an active term

Unquestionably, "the assessment of punishment is a function of the judicial branch of government, while the administration of such punishment is a responsibility of the executive department." Hinton v. Commonwealth, 219 Va. 492, 496, 247 S.E.2d 704, 706 (1978); see Fishback v. Commonwealth, 260 Va. 104, 113, 532 S.E.2d 629, 632 (2000). Contrary to appellant's position, however, establishing the terms and conditions of a defendant's post-release supervision does not impermissibly disrupt the trial court's power to assess punishment. "Code § 19.2-295.2 was enacted as part of the General Assembly's statutory scheme abolishing parole in Virginia." Lamb v. Commonwealth, 40 Va. App. 52, 56, 577 S.E.2d 530, 532 (2003) (citing Summary of S.B. 3001, Abolition of Parole, 2d Spec. Sess. (Va. 1994)). Whereas Code § 19.2-295.2(A) establishes the trial court's role in assessing the length of post-release supervision, subsection B places the defendant "under the supervision and review of the Virginia Parole Board." The Board is empowered to "establish the conditions of postrelease supervision authorized pursuant to §§ 18.2-10 and 19.2-295.2A," Code § 53.1-136(2)(b), and "revoke . . . any period of postrelease and order the reincarceration of any parolee or felon serving a period of postrelease supervision . . . when, in the judgment of the Board, he has violated the conditions of his . . . postrelease supervision," Code § 53.1-136(3). To that extent, the Board

> shall review each felon prior to release and establish conditions of postrelease supervision. Failure to successfully abide by such terms and conditions shall be grounds to terminate the period of postrelease supervision and recommit the defendant to the Department of Corrections or to the local correctional facility from which he was previously released.

Code § 19.2-295.2(B). Thus, a plain reading of Code § 19.2-295.2 reveals that the Board merely acts as an administrative body to supervise the released defendant's conduct, Code § 19.2-295.2(B) ("The period of postrelease supervision shall be under the supervision and

---

of incarceration." Further, such "additional term shall be suspended and the defendant placed under postrelease supervision upon release from the active term of incarceration." Id.

review of the Virginia Parole Board."), and not disrupt the trial court's ability to establish the length of post-release supervision. See generally Moreau v. Fuller, 276 Va. 127, 136, 661 S.E.2d 841, 846 (2008) (recognizing that "the subject matter of the judiciary's power may, in some ways[,] be limited by legislative action").

The Supreme Court of Virginia reached a similar conclusion in Phillips in which the constitutionality of the circuit court's authority to restore a convicted felon's voting rights was challenged. Under Code § 53.1-231.2, "any person . . . may petition the circuit court . . . for restoration of his civil right to be eligible to register to vote through the process set out in this section." The circuit court declined to consider Phillips' petition, holding that Code § 53.1-231.2 violated the separation of powers doctrine because the statute usurped the Governor's power to remove political disabilities resulting from criminal convictions. 265 Va. at 84-85, 574 S.E.2d at 272. The Court reversed the circuit court, holding that Code § 53.1-231.2 merely "established the standards for identifying felons who may qualify for restoration of their eligibility to vote." Id. at 86, 574 S.E.2d at 273. Thus, the "circuit court's function under the statute [was] limited to making a determination whether a petitioner ha[d] presented competent evidence supporting the specified statutory criteria, and a court's approval or denial of a petition and transmittal of its order . . . complete[d] this statutory process." Id. The Court further noted that "the power to remove the felon's political disabilities remains vested solely in the Governor" and, thus, that "Code § 53.1-231.2 does not assign to the judicial branch of government a function reserved to the Governor by the Constitution." Id. at 87-88, 574 S.E.2d at 273.

Similarly in this case, the trial court retains the ability to assess punishment against the defendant. The role of the Board is simply to give a defendant clear standards for his conduct upon his release from incarceration that will control whether or not the defendant remains free during the remainder of his post-release supervision. If the defendant violates the terms and

conditions of his post-release supervision, only then does the Board "revoke . . . any period of postrelease and order the reincarceration" of the defendant. Code § 53.1-136(3). In other words, the Board empowers the defendant to make his own choices as to whether or not he will serve a term of active incarceration greater than the incarceration delineated in Code § 18.2-10. In either case, the defendant remains subject to the length of punishment imposed by the judiciary, not the Board. Accordingly, Code § 19.2-295.2 "does not authorize [the Board] to exercise the 'whole power,' or any part of the power, granted to [the judiciary]" to impose a term of punishment upon appellant.[3] Phillips, 265 Va. at 87, 574 S.E.2d at 273.

## II.

## CONCLUSION

For these reasons, we affirm the imposition of appellant's post-release supervision.

Affirmed.

---

[3] We do not address appellant's concern that the combined incarceration upon violation of the terms and conditions of post-release supervision exceeds the statutory maximum for incarceration under Code § 18.2-10. We have rejected similar attempts to render the construction of these two statutes unconstitutional because the permissible range of punishment now includes incarceration under Code § 18.2-10 *in addition to* post-release supervision under Code § 19.2-295.2. See Alston v. Commonwealth, 49 Va. App. 115, 123-24, 637 S.E.2d 344, 347-48 (2006), aff'd, 274 Va. 759, 652 S.E.2d 456 (2007); see also Williams v. Commonwealth, 270 Va. 580, 584, 621 S.E.2d 98, 100 (2005); Boyd v. Commonwealth, 28 Va. App. 537, 541, 507 S.E.2d 107, 109 (1998).