COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Athey and Callins


MICHAEL ALEXANDER PALMER

v.      Record No. 1382-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION\*
PER CURIAM
SEPTEMBER 20, 2022


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

(Michael P. Jones, on brief), for appellant.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.


Michael Alexander Palmer appeals from the judgment of the Circuit Court of the City of

Newport News revoking his previously suspended sentence. Palmer contends that the circuit court

abused its discretion by revoking the balance of his three-year-and-nine-month suspended sentence.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because the appeal is frivolous and "wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a).

## BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

_____

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In November 2018, the circuit court convicted Palmer of possession of a Schedule I or II controlled substance and sentenced him to five years' incarceration with three years and nine months suspended. The suspended sentence was conditioned on Palmer's good behavior for five years and the successful completion of one year of supervised probation. Palmer finished his term of active incarceration and entered supervised probation in April 2019. Four months later, Palmer's probation officer reported that his adjustment to supervision had been "poor." Palmer had tested positive for marijuana and cocaine, and he also failed to report for scheduled drug testing. In addition, he had disregarded his probation officer's instruction to enroll in mental health and substance abuse treatment. In June 2019, Palmer absconded from supervision. In August 2019, the circuit court issued a capias and a rule to show cause for Palmer.

For reasons not explained in the record, Palmer's revocation hearing was continued until December 2021. In several addenda filed between September 2019 and September 2021, the probation officer reported that Palmer had been convicted in the Circuit Court for the City of Hampton of six counts of possession of cocaine with the intent to distribute and sentenced to a total of sixty years' incarceration with all but eight years suspended. In addition, Palmer had pleaded guilty to two counts of maiming while driving under the influence and been sentenced to ten years' incarceration with five years suspended in the Circuit Court for the City of Newport News.

At the revocation hearing, Palmer did not contest that he had violated the conditions of his suspended sentence. The Commonwealth argued that Palmer's new convictions and repeated probation violations demonstrated his "inability to comply with probation." Accordingly, it asked the circuit court to impose a significant period of active incarceration to demonstrate that "probation is not something to just disregard or ignore."

Palmer proffered that he had "a severe drug addiction" and "mental health issues" but was "on medications" and had been receiving treatment while incarcerated. Palmer asserted that he

would be forty-five years old when he finished his terms of active incarceration and will have spent a "substantial portion of his adult life" incarcerated. Emphasizing that he would continue receiving drug and mental health treatment while incarcerated, he asked the circuit court to revoke and resuspend his previously suspended sentence.

In allocution, Palmer stated that he had been "messing up for years." He claimed that he had been "clean" during periods of his life but relapsed each time and returned to drugs. He acknowledged his addiction and claimed that he suffered from "a mental condition" that "force[d] him to cope by using drugs." He was "overwhelmed" by the lengthy terms of incarceration he had to serve on his new offenses and asked the circuit court to limit any additional active time.

After considering the major violation report, evidence, and argument by counsel, the circuit court revoked the balance of Palmer's suspended sentence, resulting in three years and nine months of active incarceration. Palmer appeals.

ANALYSIS

After suspending a sentence, a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when this revocation proceeding began, once the circuit court found that Palmer had violated the terms of the suspension, it was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (2020 Cum. Supp.).[1] The circuit court was

---

[1] Although Code § 19.2-306(C) was amended effective July 1, 2021, Palmer does not argue that the statutory amendment applied in his case, and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 78-83 (2022). Moreover, the circuit court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Palmer does not contend that the circuit court did not have sufficient cause to revoke his suspended sentence. Rather, he argues that the circuit court abused its discretion by imposing three years and nine months of active incarceration because he accepted responsibility for his actions and "expressed a deeply sincere and heartfelt remorse." He argues that the circuit court should have imposed less active incarceration given his desire to obtain substance abuse and mental health treatment and the lengthy sentences he received for his new criminal convictions. He concludes that his sentence was disproportionate, did not "fit the offender," and reflects a disregard of mitigating circumstances.[2]

It was within the circuit court's purview to determine the credibility of Palmer's testimony and the weight of any mitigating factors Palmer presented, including his assertion of remorse, the length of the unexecuted portion of his sentence, and any expressed desire for treatment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The evidence also demonstrated, however, that within four months of entering supervised probation, Palmer tested positive for cocaine and marijuana, disregarded his probation officer's instructions, absconded from supervision, and committed six new drug distribution offenses as well as a new DUI offense.

---

[2] To the extent his single assignment of error attempts to encompass an argument that his sentence was broadly disproportionate as a matter of law, it was not preserved below and is defaulted under Rule 5A:18. Moreover, this Court does not engage in proportionality reviews in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

"The statutes dealing with probation and suspension are remedial and intended to give the circuit court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Palmer's immediate and flagrant disregard of the terms of his suspended sentence supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Palmer failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. After reviewing the record in this case, we conclude that the sentence the circuit court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the circuit court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.

Athey, J., concurring.

Although I agree with the majority that Palmer's appeal is wholly without merit, I believe we should affirm the appeal under Rule 5A:18, which requires a defendant seeking to preserve an issue for appeal to object "with reasonable certainty."

Because "neither the Code nor Rule 5A:18 is complied with merely by objecting generally to an order," *Lee v. Lee*, 12 Va. App. 512, 515 (1991) (*en banc*), the defendant must specify the legal theory on which the objection is based, *Maxwell v. Commonwealth*, 287 Va. 258, 268 (2014). For instance, a Confrontation Clause objection does not preserve a due process challenge to the same evidence. *Cox v. Commonwealth*, 65 Va. App. 506 (2015); *see also* *Henderson v. Commonwealth*, 59 Va. App. 641, 665 n.5 (2012) (*en banc*); *Roseborough v. Commonwealth*, 55 Va. App. 653, 668-69 (2010), *overruled on other grounds*, 281 Va. 233 (2011). Even raising a subdivision of that theory does not preserve another, distinct sub-theory. *Shapiro v. City of Va. Beach*, No. 0383-09-1, WL 2265034 (Va. Ct. App. June 8, 2010) (holding that a facial constitutional challenge does not preserve an as-applied challenge).[3]

The same principles apply to sentencings and probation hearings. *See Walton v. Commonwealth*, 24 Va. App. 757, 761 (1997); *Alston v. Commonwealth*, 49 Va. App. 115, 122 (2006); *Henderson*, 59 Va. App. at 665 n.5. Specifically, the Virginia Supreme Court has held that arguing for a different sentencing arrangement than the one ultimately imposed is not the same as timely and specifically objecting to the sentencing decision, with the result that

---

[3] These principles apply regardless of the precise nature of the legal theories at issue. *See Alston v. Commonwealth*, 49 Va. App. 115, 122 (2006) (Sixth Amendment and due process); *Cox*, 65 Va. App. 506 (hearsay and the Confrontation Clause); *Henderson*, 59 Va. App. at 665 n.5 (good cause to admit hearsay at a probation hearing and the requirement that the court state the good cause on the record); *Roseborough*, 55 Va. App. at 668-69 (two interpretations of the same statute, one of which does not render evidence admissible and one which renders the same evidence inadmissible). Likewise, these principles should apply regardless of the precise manner in which the defendant sought a lesser sentence than was ultimately imposed.

sentencing arguments not accompanied by a specific objection to the sentence actually imposed are not preserved for appeal. *Williams v. Commonwealth*, 294 Va. 25, 26-27 (2017); *see also Singson v. Commonwealth*, 46 Va. App. 724, 748 (2005).

A defendant challenging a sentence that falls within the statutory limits can raise only one legal rule as a basis for reversal: the requirement that trial courts not abuse their discretion. Trial courts' discretion to make certain decisions is constrained by legal rules and by the boundaries that circumscribe sound judgment. Hence, a trial court can abuse its discretion, or make an unreasonable judgment, in any of three ways: making a factual finding that is plainly wrong or unsupported by the evidence, allowing an error of law to affect its decision, or improperly weighing the factors that are relevant to its determination. *Owens v. Owens*, 41 Va. App. 844, 853 (2003) (citations omitted); *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (citations omitted); *Dang v. Commonwealth*, 287 Va. 132, 146 (2014) (citations omitted).

A defendant can therefore preserve an abuse of discretion challenge to a sentencing decision in any of three ways. First, as in motions to strike, the defendant can preserve a factual challenge by arguing that no evidence supports one of the trial court's adverse factual findings on a matter relevant to the sentencing decision, such as a finding that the defendant was not sincerely remorseful. Second, the defendant can preserve a legal challenge by taking a position on a point of applicable law with which the trial court disagrees. Third, the defendant can preserve a factor-weighing challenge by arguing that the sentence the trial court ultimately imposed was excessive.

The third type of challenge is the most difficult to properly preserve. Arguing that a trial court should impose a sentence of a particular length or within a particular range is not the same as arguing that the longer sentence the trial court "actually imposed" was an abuse of discretion. Straying outside the bounds of a reasonable judgment is not the same as not making the best

- 7 -

sentencing decision or not making the right sentencing decision. Saying that a defendant deserves a second chance because of his or her attempts at rehabilitation is not the same as saying that no reasonable jurist would deny the defendant a second chance.[4]

Therefore, under *Williams*, Rule 5A:18 is not satisfied when a defendant merely argues for a lesser sentence than the one the trial court ultimately imposed.[5] Instead, the defendant must be more specific. The phrase "abuse of discretion" is not strictly necessary if the defendant mentions one of the three major ways a trial court can abuse its discretion (unsupported factual finding, legal error, or improper weighing of factors). To challenge the trial court's weighing of the factors, the defendant must say so or that the decision constituted an abuse of discretion, was an unreasonable decision, or resulted in an excessive sentence.

Here, Palmer argued several points in mitigation, including that he was forced at gunpoint by a companion to flee from police and that he regretted his actions. He acknowledged that he would have to face the consequences of his actions. Palmer's attorneys[6] expounded on the mitigating factors, particularly Palmer taking responsibility for the consequences of his

---

[4] Interpreting an argument for a particular sentence as an implicit argument that a harsher sentence is unreasonable is plausible only when the requested sentence and the actual sentence are wildly disparate, which creates immense line-drawing problems. More importantly, arguing for one sentence is not the same as arguing that a harsher sentence is unreasonable.

[5] A key difference between the substantive legal rules governing Virginia sentencing and federal sentencing makes it easier to preserve a substantive sentencing challenge in federal court. Because federal law requires federal judges to craft the most lenient sentence necessary "to comply with (among other things) certain basic objectives, including the need for just punishment, deterrence, protection of the public, and rehabilitation," a criminal defendant in federal court can preserve a substantive sentencing challenge merely by requesting a lesser sentence than the one actually received. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (citation and internal quotation marks omitted). But Virginia law grants judges the discretion to make any choice that falls at or below the statutory maximum and meets all other applicable statutory requirements so long as it is unaffected by a legal error or an unsupported factual finding. *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (citation omitted).

[6] Palmer was represented by one attorney while being sentenced on several charges, and by another attorney when the trial court turned to sentence him for the probation violation.

actions and the extensive prison time he faced for other crimes.  Palmer asked the trial court to resuspend the entire sentence or give him the "low end of the guidelines."  After the trial court revoked the entire sentence and refused to resuspend any of it, Palmer expressed disbelief, but neither he nor his attorney made any protest or objection.  None of Palmer's or his attorney's arguments specifically argued anything more than that there were good reasons to consider giving Palmer a lesser sentence than what he received—none of the arguments indicated that the trial court's ultimate decision was an abuse of discretion, or an unreasonable or excessive sentence.  Therefore, Palmer did not preserve this argument for appeal.

Therefore, I do not believe that Palmer properly preserved the substantive sentencing challenge he raises on appeal.