COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Ortiz and Friedman

MATTHEW REVELL-WALGORSKI, S/K/A
 MATTHEW REVELL-WALIGORSKI

                                                  MEMORANDUM OPINION*
v.        Record No. 0939-22-1                        PER CURIAM
                                                   SEPTEMBER 5, 2023

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            David W. Lannetti, Judge

            (Matthew Revell-Waligorski, on brief), *pro se*. Appellant
            submitting on brief.

            (Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant
            Attorney General, on brief), for appellee. Appellee submitting on
            brief.


        On appeal, Matthew Revell-Waligorski challenges the trial court's order denying his

post-conviction motion for resentencing. He argues that the trial court erred in failing to impose

a period of post-release supervision under Code § 19.2-295.2. The parties waived oral argument.

Code § 17.1-403(ii). After examining the briefs and record, we find that Revell-Waligorski failed

to establish that the circuit court had subject-matter jurisdiction to consider his motion to modify

or reduce his sentence.

                                    BACKGROUND

        Revell-Waligorski pleaded guilty to three counts of obtaining money by false pretenses.

By order entered October 10, 2017, the trial court sentenced him to 30 years' imprisonment, with

all but 2 years and 9 months suspended. The suspended sentences were conditioned on a

_____
        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

minimum of 5 years' probation and restitution of $12,944.68. The trial court also ordered good behavior for five years or until the full restitution amount was paid, whichever was later.

On March 28, 2022, Revell-Waligorski, *pro se*, filed a motion requesting a hearing to correct the sentencing order. He alleged that the trial court was required to include a period of post-release supervision under Code § 19.2-295.2 but had failed to do so. He asked that the Commonwealth be notified and a hearing be set to address the matter. On April 5, 2022, the trial court denied the motion. Revell-Waligorski timely appealed.

ANALYSIS

Whether a circuit court has jurisdiction is a question of law that this Court reviews de novo. *Reaves v. Tucker*, 67 Va. App. 719, 727 (2017). Jurisdiction "is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018). "[F]or a court to have the authority to adjudicate a particular case upon the merits," it must possess subject matter jurisdiction. *Id.* "Subject matter jurisdiction is the authority vested in a court by constitution or statute to adjudicate certain categories of *disputes*." *Smith v. Commonwealth*, 281 Va. 464, 467 (2011) (emphasis added). Our Supreme Court has recognized that subject matter jurisdiction "can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Pure Presbyterian*, 296 Va. at 49.

"A circuit court may correct a void or unlawful sentence at any time." *Rawls v. Commonwealth*, 278 Va. 213, 218 (2009). Revell-Waligorski contends that his sentence was void because the trial court did not impose an additional period of post-release supervision under Code §§ 18.2-10(g) and 19.2-295.2. We disagree with Revell-Waligorski's analysis.

Code § 18.2-10(g) provides:

> For any felony offense committed . . . on or after July 1, 2000, [the trial court] shall, *except in cases in which the court orders a*

- 2 -

*suspended term of confinement of at least six months*, impose an additional term of incarceration of not less than six months nor more than three years, which shall be suspended conditioned upon successful completion of a period of post-release supervision pursuant to § 19.2-295.2 and compliance with such other terms as the sentencing court may require.

(Emphasis added).  Code § 19.2-295.2 provides:

At the time the court imposes sentence upon a conviction for any felony offense [it] . . . shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, *except in cases in which the court orders a suspended term of confinement of at least six months*, impose a term of incarceration, in addition to the active term, of not less than six months nor more than three years, as the court may determine.

(Emphasis added).

"Where the legislature has used words of a plain and definite import" we cannot construe them to hold that "the legislature did not mean what it has actually expressed." *Hall v. Commonwealth*, 296 Va. 577, 582 (2018).  "[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." *Id.* (alteration in original).  "By its clear terms, [Code § 19.2-295.2] comes into effect only when a judge suspends *less than six months* of a felony sentence." *Alston v. Commonwealth*, 49 Va. App. 115, 125 (2006), *aff'd*, 274 Va. 759 (2007).  Revell-Waligorski asks us "to find that the legislature did not intend what it clearly expressed in Code § 19.2-295.2.  This suggestion runs counter to the basic principles of statutory construction." *Id.* at 126.  We hold that the sentence Revell-Waligorski challenges was not void or illegal.  Revell-Waligorski had to show some other basis to invoke the trial court's jurisdiction to reconsider or modify his sentence.

Absent a statutory exception, "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a).  "In a criminal case, the final order is the

- 3 -

sentencing order." *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)).

One such statutory exception is Code § 19.2-303, which "extends a trial court's jurisdiction beyond the 21 days specified in Rule 1:1 to consider a motion to suspend or modify a criminal sentence." *Id.* at 529. When, as here, the defendant "has been sentenced for a felony to the Department of Corrections," then

> the court that heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence.

Code § 19.2-303. The extension of the circuit court's jurisdiction for "60 days" after "such transfer" was added by the General Assembly in 2021. 2021 Va. Acts Spec. Sess. I ch. 176; *see Dobson*, 76 Va. App. at 530.[1]

Revell-Waligorski was in the custody of the Department of Corrections (DOC), at the Haynesville Correctional Center, when he filed his March 2022 motion to modify his sentence to include post-release supervision. Moreover, the record indicates that he had been in DOC custody since at least June 2018. For the circuit court to have had jurisdiction over Revell-Waligorski's motion, he had to show that he filed it no later than 60 days after his transfer to the Department of Corrections. *Dobson*, 76 Va. App. at 530. Based on the record before us, we cannot find that the circuit court had jurisdiction to modify the sentence. *Id.* at 531 (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 139 (2003)).

A court "always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian*, 296 Va. at 50 (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). "Once

---

[1] The 2022 amendment to Code § 19.2-303 did not change the language at issue here. *See* 2022 Va. Acts chs. 41, 42.

a court determines that it lacks subject matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)). Because the trial court lacked jurisdiction to consider Revell-Waligorski's motion to modify his sentence, "we lack jurisdiction to consider his appeal regarding the denial of that motion." *Minor v. Commonwealth*, 66 Va. App. 728, 743 (2016).

## CONCLUSION

The trial court lacked subject-matter jurisdiction to grant the relief Revell-Waligorski sought. Accordingly, the appeal is dismissed, and the case is remanded with instructions to vacate the April 5, 2022 order and dismiss Revell-Waligorski's motion.

*Dismissed*.