UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Alston
Argued by teleconference


VALERIE YVONNE LEWIS

                                                    MEMORANDUM OPINION* BY
v.      Record No. 0520-13-1                        JUDGE ROSSIE D. ALSTON, JR.
                                                    APRIL 22, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

John E. Robins, Jr. (James B. Gochenour; Gochenour Boyle PLC, on
briefs), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II,[1] Attorney General, on brief), for appellee.


Valerie Yvonne Lewis (appellant) appeals her conviction of felony welfare fraud in

violation of Code § 63.2-522. On appeal, appellant alleges that the trial court (i) "erred in

finding that [appellant] had willfully and voluntarily breached her plea agreement, because the

evidence showed that she was financially unable to pay the restitution called for in the

agreement," (ii) "erred in finding [appellant] guilty of felony welfare fraud, because she had not

willfully and intentionally violated the plea agreement," and (iii) erred in denying appellant's

motion to reconsider the felony conviction, because she had not willfully and intentionally

violated the plea agreement and because the restitution had been paid in full at the time of the

sentencing. Finding no error, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mark R. Herring succeeded Kenneth T. Cuccinelli, II, as Attorney General on January
11, 2014.

## I. Background

On February 2, 2009, a grand jury indicted appellant on one count of felony welfare fraud in violation of Code § 63.2-522. On the date of appellant's trial, December 9, 2009, appellant and the Commonwealth entered into a plea agreement under Rule 3A:8(B) pursuant to which appellant would enter an <u>Alford</u> plea[2] to one count of felony welfare fraud in violation of Code § 63.2-522. In exchange, the Commonwealth agreed to recommend that the trial court: i) withhold a finding of guilt on the felony welfare fraud charge for a period of two years; and ii) if during that time appellant was of good behavior and paid restitution in the amount of $3,005.75 to the Hampton Department of Social Services at a rate of at least $50 per month beginning in January 2010, the charge would be reduced to misdemeanor welfare fraud and appellant would be sentenced to twelve months in jail with all twelve months suspended for a period of two years. The plea agreement specifically stated that "if these conditions are not met, [appellant] will be found guilty of felony welfare fraud and will submit to a pre-sentence report for sentencing."

Appellant entered an <u>Alford</u> plea to the felony welfare charge, and the trial court reviewed the terms of the plea agreement with appellant. The trial court accepted the proposed disposition and in doing so held that the evidence was sufficient to convict appellant of felony welfare fraud, but withheld its finding of guilt for a period of two years, as provided by the plea agreement.

Thereafter, appellant failed to make payments in accordance with the terms of the plea agreement and a show cause was issued to appellant on July 30, 2010. At the show cause hearing on January 28, 2011, Donna Forbes, a fraud investigator with the Hampton Department of Social Services, testified. Ms. Forbes testified that, with the exception of February 2010,

---

[2] <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).

when appellant made a $20 payment, and November 2010, when appellant made a $230 payment, appellant failed to make payments to the Department of Social Services as required. In addition, the Department recovered $90 that was deducted from the total amount of food stamps to which appellant was entitled, prior to the balance being placed on appellant's electronic benefit card. At the time of the show cause hearing, appellant was approximately $310 short of the total she should have paid based on the $50 per month payment schedule set forth in the plea agreement and had a total outstanding balance of $2,665.75.

Appellant also testified at the show cause hearing and admitted that she had not made the payments as required by the plea agreement. Appellant asserted that when she signed the plea agreement, she anticipated making her restitution payments with funds from her federal disability benefits, which were suspended for a period of time after the felony warrant was issued. Appellant testified that her federal disability benefits were reinstated in August 2010 and "then [the federal government] gave it all back to me in November [2010]." Appellant also blamed her failure to pay restitution on a cancer diagnosis, proof of which was never provided at the hearing.

In closing, appellant's counsel stated the following:

> Judge, given the totality of the circumstances I would respectfully request that the [trial court] take no action at this time and leave the matter for the review date. Obviously [appellant] has a big issue with the full amount having to be paid. She has a family member that she's hoping will be able to come through to assist her with that. Technically, yes, Judge, she is in violation, she's not paid $50 a month, but I would ask given the circumstances to which she had testified if the [trial court] would allow this matter to remain under review with no action until the December review date. Obviously, if she's not come through with her plan of paying the full amount by that date, then that's an issue that will have to be taken up at that time.

At the conclusion of the show cause hearing, the trial court held that appellant violated the plea agreement and found her guilty of felony welfare fraud. The trial court entered an order setting forth its finding of guilt, ordering a presentence report, and setting sentencing for April 6, 2011.

A series of continuances requested by both the Commonwealth and appellant at different times, failures to appear by appellant, and changes in appellant's counsel resulted in the sentencing hearing taking place over two years later on February 26, 2013. On February 8, 2013, appellant filed a "motion to vacate finding of guilt" stating that she had been unable to pay pursuant to the plea agreement due to her disabilities, lack of income, and medical issues, and that as of January 24, 2013, her balance had been paid in full. Relying on these particular arguments, appellant requested the trial court reconsider its January 28, 2011 finding of guilt.

The trial court heard appellant's motion to vacate the finding of guilt during the sentencing on her felony welfare conviction on February 26, 2013. During argument on appellant's motion, counsel requested the trial court "put[] [appellant] back in the position of the deal that was originally struck given what she has suffered, and the restitution is now paid." Counsel further argued, "I don't think [the failure to pay pursuant to the plea agreement is] as merely willful as the Commonwealth suggests, and, again, we would ask the Court for leniency." The trial court denied appellant's motion to vacate the finding of guilt and on the felony conviction, sentenced appellant to twelve months' incarceration and suspended all of it for a period of two years, pursuant to the plea agreement. This appeal followed.

## II. Analysis

Appellant argues on appeal that the trial court erred in convicting her of felony welfare fraud because she did not willfully or voluntarily breach the plea agreement and because she had paid the restitution in full at the time of her sentencing. The Commonwealth first argues that

appellant failed to preserve these issues for appellate review pursuant to Rule 5A:18 and that the "ends of justice" exception to Rule 5A:18 does not apply. We agree with the Commonwealth.

Rule 5A:18 provides in part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

"Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) (citing Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987)). Furthermore, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Id. (citing Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999)). "The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and to take timely corrective action, if warranted, in order to avoid unnecessary appeals, reversals and mistrials." Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992) (citing Hogan v. Commonwealth, 5 Va. App. 36, 45, 360 S.E.2d 371, 376 (1987)).

Appellant's assignments of error all center on her argument that she did not willfully or voluntarily breach the plea agreement and that, therefore, the trial court impermissibly found her guilty of welfare fraud. We hold that appellant did not preserve this issue for appellate review. At the January 28, 2011 hearing, appellant never argued that the trial court impermissibly found her guilty of felony welfare fraud, as provided by the plea agreement. Rather, appellant first admitted that she breached the plea agreement and then requested leniency from the trial court in determining her punishment. Appellant did not file a motion to reconsider or any other type of objection after the January 28, 2011 hearing, at the conclusion of which the trial court found her

guilty of felony welfare fraud and entered an order to that effect. Rather, she waited until over two years later on February 8, 2013, and on that date failed to make any argument that the trial court could not have found appellant guilty of felony welfare fraud because the violation of her plea agreement was not willful or voluntary.

Furthermore, even if objecting on February 8, 2013, would have been considered timely under Rule 5A:18, appellant did not argue that the trial court impermissibly found appellant guilty of felony welfare fraud in her motion to vacate finding of guilt. Rather, appellant argued for leniency due to her circumstances. The trial court and the Commonwealth were never provided the opportunity to address appellant's argument that because she did not willfully breach the plea agreement, the trial court could not properly find her guilty of felony welfare fraud.

We further hold that Rule 5A:18's "ends of justice" exception does not apply in this case. "To invoke the ends of justice exception to Rule 5A:18, the record must 'affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage *might* have occurred.'" Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in the original)).

> To satisfy this burden, an appellant must show "more than that the Commonwealth failed to prove an element of the offense . . . . The appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or the record must affirmatively prove that an element of the offense did not occur."

Id. at 636-37, 496 S.E.2d at 125 (quoting Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997) (emphasis in the original)).

In this case, appellant entered an Alford plea to one count of felony welfare fraud. Following the December 9, 2009 trial date, the trial court ruled and set forth in its "sentencing

order" that the evidence was sufficient to convict appellant of felony welfare fraud, and withheld its findings until December 9, 2011, pursuant to the plea agreement. At the January 28, 2011 show cause hearing, appellant admitted that she failed to make restitution payments as required by the plea agreement. The plea agreement plainly provided that if appellant failed to meet any of the conditions, she "w[ould] be found guilty of felony welfare fraud and w[ould] submit to a pre-sentence report for sentencing." Therefore, at the conclusion of the show cause hearing, the trial court revoked appellant's withhold status and found her guilty of felony welfare fraud. On February 26, 2013, the trial court sentenced appellant to twelve months' incarceration with all twelve months suspended, as provided in the plea agreement.

There is absolutely no evidence that the Commonwealth failed to prove any element of the charge or that appellant was convicted of something that did not constitute a criminal offense. See Marshall, 26 Va. App. at 636-37, 496 S.E.2d at 125. Quite to the contrary, the record reflects that appellant entered into a contract, the plea agreement with the Commonwealth, and she then failed to meet her obligations under that contract. See Wright v. Commonwealth, 49 Va. App. 58, 62, 636 S.E.2d 489, 491 (2006) (citing Esparza v. Commonwealth, 29 Va. App. 600, 607, 513 S.E.2d 885, 888 (1999) (holding that the "basic rules of contract law apply to plea agreements")). Therefore, appellant was not entitled to her benefit of the bargain – the reduced misdemeanor charge – and she was properly found guilty of the original charge - felony welfare fraud.

For these reasons, we hold that appellant did not preserve the issues presented for appeal and that the ends of justice exception does not apply and, therefore, we will not address the merits of appellant's appeal.

Affirmed.